CARROLL v. MONTGOMERY.

(Filed May 14, 1901.)

1. INFANTS—*Next Friend—Abatement—Exceptions and Objections —Practice.*

   Objection that a next friend had not been regularly appointed must be taken by a plea in abatement.

2. INFANTS—*Next Friend—Exceptions and Objections—Trial Judge.*

   Defendant can not object to the next friend appointed by the trial judge.

3. DOWER—*Rents.*

   A widow who has taken dower in another State, has no interest in rents from the estate of deceased husband.

4. LIMITATION OF ACTIONS—*Agents—Trusts—Infants.*

   Where an agent collects rents for infants, the statute of limitations does not run against the trust.

5. ARREST AND BAIL—*Agent—The Code, sec. 291, subdivs. 1 and 2.*

   An insolvent defendant may be arrested in a civil action for money received and fraudulently misapplied.

6. EXECUTION—*Execution Against the Person—The Code, secs. 447 and 448, subdiv. 3.*

   An execution may issue against the person under The Code, secs. 447 and 448, subdiv. 3, after one against his property has been returned unsatisfied.

ACTION by Ellen Carroll, Lillian Carroll, Anson Carroll, Henry Carroll, the last three infants, by their next friend and mother, Ellen Carroll, against James Montgomery, heard by Judge *A. L. Coble* and a jury, at Fall Term, 1900, of the

Superior Court of WARREN County.  From a judgment for the plaintiffs, the defendant appealed.

*T. T. Hicks,* and *H. A. Boyd,* for the plaintiffs.
*B. G. Green,* and *Pittman & Kerr,* for the defendant.

CLARK, J.  The objection that the next friend had not been regularly appointed should have been taken by a plea in abatement, and not by a motion to nonsuit at the close of the evidence.  *Hicks v. Beam,* 112 N. C., 642.  The defendant had answered and thus waived objection.  The action of the Judge in making an order at that juncture appointing the next friend  was in his discretion.  His order was made after full inquiry in the mode prescribed by Rules 16 and 17 of the Superior Court, and his selection is not a matter from which the defendant could appeal.  It did not concern him.  The mother, already a party to the action, had no interest hostile to her children which could prevent her appointment.  Indeed, the Judge finds she had no interest. The judgment properly directs the payment of the recovery into Court, to await the appointment of a guardian to receive the fund.

It appearing that the *feme* plaintiff had taken her dower in the entire estate of her husband in another State, it was properly held that she had no interest in the rents sued for in this action.  We do not see why the defendant should object, or how his interest is affected.  She is a party to this action, and is the proper one to have raised objection to the exclusion of herself from a share in the recovery.  The defendant is fully protected from a future action by her.

The defendant having collected the rents, acting as agent for the owners, though infants, the Statute of Limitations does not run against the trust.  The insolvency of the defendant is alleged in the complaint and admitted in the answer.

Arrest and bail lies in such case, Code, section 291 (1) and (2), and an execution against the person issues, if one against the property of the defendant be returned unsatisfied. Code, sections 447, 448 (3) ; *Kinney v. Laughenour,* 97 N. C., 325.   The Judge properly finds that a cause of arrest is set forth in the verified complaint.   The defendant can be discharged only in one of the methods pointed out in *Fertilizer Co. v. Grubbs,* 114 N. C.,470.   The other exceptions do not require discussion.   We find

No error.