FINNIE DAVIS v. RUBY LEE HOWARD DAVIS.

(Filed 7 April, 1943.)

**1. Deeds § 2a: Insane Persons § 11—**

The law presumes every person sane in the absence of evidence to the contrary. Likewise, after a person is found to be mentally incompetent there is a presumption that the mental incapacity continues.

**2. Same—**

Where a plaintiff sues to cancel his deed and alleges and offers evidence of mental incapacity to make the deed, it is necessary in order to maintain the action to allege and prove a restoration of his mental capacity.

DAVIS *v.* DAVIS.

**3. Same—**

Mental capacity required for the valid execution of a deed is the ability to understand the nature of the act in which the party is engaged and its scope and effect, or its nature and consequence; not that he should be able to act wisely or discreetly, nor to drive a hard bargain, but that he should be in such possession of his faculties as to know at least what he is doing.

**4. Deeds § 2c—**

A grantor in a deed, except in cases of fraud, mistake, or undue influence, will not be permitted to contradict the terms of his written deed.

**5. Deeds § 2a: Estoppel § 1—**

If the plaintiff is mentally competent to assert his rights and protect his interest at the present time, and there has been no change in his mental capacity since he executed the deed in question, he is estopped from challenging the validity thereof.

APPEAL by defendant from *Burney, J.,* at September Term, 1942, of LENOIR.

Civil action to cancel certain deeds.

1. The plaintiff and defendant were married in September, 1935, and thereafter lived together as husband and wife until some time in September, 1939.

2. Prior to his aforesaid marriage, the plaintiff was the owner in fee simple, subject to the life estate of his father, George W. Davis, of a 23.25 acres tract of land, situate in Lenoir County, N. C.

3. On 19 October, 1938, the plaintiff and his wife, the defendant, executed a deed conveying the aforesaid premises to Paul LaRoque. Paul LaRoque, by deed bearing the same date, conveyed the premises to Finnie Davis and Ruby Lee Howard Davis, his wife, as tenants by the entirety. Both deeds were duly recorded in the office of the Register of Deeds of Lenoir County, N. C., on 22 October, 1938.

4. Plaintiff brings this action to set aside and cancel the aforesaid deeds. He alleges that the defendant obtained execution of said deeds by undue influence and that he, the plaintiff, did not possess sufficient mental capacity to make and execute a deed on 19 October, 1938.

5. The pertinent issues submitted to the jury, and the answers thereto, are as follows:

"Did the defendant obtain the execution of the deed from Finnie Davis and Ruby Lee Davis to Paul LaRoque and from Paul LaRoque to Finnie Davis and Ruby Lee Davis, dated October 19, 1938, by undue influence, as alleged in the complaint? Answer: No.

"Did Finnie Davis possess sufficient mental capacity to make and execute the deed from Finnie Davis and Ruby Lee Howard Davis to Paul LaRoque, dated October 19, 1938? Answer: No."

DAVIS *v.* DAVIS.

Whereupon judgment was entered setting aside and declaring null and void the deeds referred to herein. Defendant appeals, assigning error.

*R. A. Whitaker for plaintiff.*
*J. A. Jones for defendant.*

DENNY, J.    The verdict of the jury in this case eliminates a consideration of fraud or undue influence.    Plaintiff's case rests on the allegation and evidence offered in support thereof to the effect that at the time of the execution of said deeds, plaintiff did not possess sufficient mental capacity to make and execute the same or to know and understand the nature and extent of his acts.    In the case of *Lamb v. Perry,* 169 N. C., 436, 88 S. E., 179, this Court said: "The mental capacity required for the valid execution of a deed is the ability to understand the nature of the act in which the party is engaged and its scope and effect, or its nature and consequences—not that he should be able to act wisely or discreetly, nor to drive a good bargain, but that he should be in such possession of his faculties as to enable him to know at least what he is doing and to contract understandingly. . . . A want of adequate mental capacity of itself vitiates the deed, while mere mental weakness or infirmity will not do so, if sufficient intelligence remains to understand the nature, scope, and effect of the act being performed."

The law presumes that every person is sane in the absence of evidence to the contrary.    Likewise, after a person has once been found to be mentally incompetent there is a presumption that the mental incapacity continues.

When the grantor in a deed brings an action to set aside and cancel his deed and alleges and offers evidence tending to prove that at the time of the execution of the deed he did not have sufficient mental capacity to make a deed or to know and understand the nature and extent of his acts, it is necessary in order to maintain the action in his own behalf to allege and prove a restoration of his mental capacity; otherwise, he is presumed to be incompetent to bring the action.    It will be noted that in the case of *Lamb v. Perry, supra,* the action was brought by a next friend.

A grantor in a deed, except in cases of fraud, mistake or undue influence, will not be permitted to contradict the terms of his written deed. *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028.

If the plaintiff is mentally competent to assert his rights and protect his interest at the present time, and there has been no change in his mental capacity since he executed the deed in question, he is estopped from challenging the validity thereof.    *Gaylord v. Gaylord, supra.*

The judgment of the court below is
Reversed.