IN THE MATTER OF CUSTODY OF EVERETT RICHARD ALLEN, JR., MINOR.

(Filed 14 October, 1953.)

**1. Habeas Corpus § 3—**

Upon granting a continuance of a hearing upon a writ of *habeas corpus* to determine the custody of a child as between its parents living in a state of separation, the court, without hearing evidence, awarded the custody of the child to its resident mother pending the hearing. The mother had the child present at the hearing and the record fails to disclose any harm

to the child as a result of the temporary order. *Held:* The issuance of the order will not be held for error.

**2. Same: Infants § 9—**

Upon this hearing of a writ of *habeas corpus* for the custody of a minor child as between its parents living in a state of separation, respondent moved to dismiss on the ground that the petitioner herself was a minor. *Held:* Even conceding that G.S. 1-64 is applicable, failure of respondent to plead the infancy of petitioner as a defense constitutes a waiver.

**3. Habeas Corpus § 3—**

Where, upon the hearing of a writ of *habeas corpus* to determine the custody of a minor child as between its parents living in a state of separation, the court recites certain matters "appearing to the court" as the basis for the court's adjudication, the recitals are tantamount to saying that such matters were found by the court to be facts.

**4. Appeal and Error § 6c (2)—**

An appeal from the judgment is insufficient to bring up for review the findings of fact.

**5. Appeal and Error § 6c (3)—**

Where respondent fails to request the court to make any particular findings, respondent may not complain on appeal of the failure of the court to make such findings.

Appeal by respondent Everett Richard Allen from *McLean, S. J.,* at May Term, 1953, of Madison.

Habeas corpus to determine the custody of Everett Richard Allen, Jr., infant child of petitioner, Ava Etta Cook Allen, and Everett Richard Allen, husband and wife, living in a state of separation without being divorced. G.S. 17-39.

The record on this appeal shows these uncontroverted facts:

(1). On 30 January, 1953, Ava Etta Cook Allen, petitioning a judge of the Superior Court of North Carolina for a writ of *habeas corpus* for the purpose above stated, set forth in her petition (a) that she is a citizen and resident of Madison County, North Carolina; (b) that she and Everett Richard Allen were married 21 August, 1950, and lived together as husband and wife for a time, as a result of which there was born to them a child, Everett Richard Allen, Jr., age 19 months, the subject of the petition; (c) that she and her husband have since separated and are now living apart, but are not divorced; (d) that their said child is in the constructive possession of his father, Everett Richard Allen,—although he is in the actual physical custody of his paternal grandmother, Mrs. C. J. Allen, as agent, servant or employee of his father, who has spent the greater part of the time for more than two years in the State of Michigan, and is now employed there, and, as she is informed and belives, claims that State as his home and place of residence; (e) that Mrs.

C. J. Allen has refused to permit petitioner to see her child,—having had the sheriff serve a notice on petitioner and all members of her family forbidding them to trespass on her lands; and (f) that she, the petitioner, is a fit and suitable person to have the custody of her child.

Upon these allegations petitioner prays that the matter of the custody and control of her said child be determined, and that, in the meantime the judge make such order as will prevent the father and maternal grandmother of the child, or either of them, from removing the child from the State of North Carolina, and beyond the jurisdiction of the court.

(2). Pursuant thereto writ of *habeas corpus,* directed to Mrs. C. J. Allen and Everett Richard Allen, and E. Y. Ponder, Sheriff, was issued on 30 January, 1953, for the production of the child, Everett Richard Allen, Jr., before one of the judges of Superior Court of North Carolina, at the courthouse of Buncombe County in the city of Asheville, at 12 o'clock noon, on 31 January, 1953, etc.   The writ was served on Mrs. C. J. Allen on 31 January, 1953.

(3). When the matter came on for hearing at the time and place just stated Mrs. C. J. Allen was present in person, and represented by attorney.

Upon her request therefor, the judge ordered a continuance of the hearing to 4 o'clock p.m., on Wednesday, 11 February, 1953, at the courthouse in Marshall, North Carolina. And the judge further ordered that pending the continuance petitioner, mother of the child, should have the custody and control of him, and should have him in court at the time and place to which the matter was continued.   (Note: The record fails to show that any exception was taken to this order.)

(4). Thereafter Mrs. C. J. Allen filed an answer to the petition of petitioner in which she admits (a) that she has been advised and believes that Everett R. Allen and Ava Etta Allen were married as alleged; (b) that they had a son born to them; (c) that he is approximately 19 months old; (d) that the applicant (petitioner) is a resident of the County of Madison, North Carolina; (d) that she, this respondent, had a notice served upon some of the family who were trespassing on her property (setting forth her reasons); (e) that Everett R. Allen has spent about two years in the State of Michigan where he is at work; and (f) that the child was in the custody of this answering respondent, but is now in the custody of his mother.

And for a further answer and defense Mrs. C. J. Allen denies that she has at any time acted as agent, servant or employee of Everett R. Allen, and avers that petitioner surrendered the child to her, and that her custody of him has been at the request, and with the full consent of petitioner,—for reasons stated (not material here).

In re Custody of Allen.

Thereupon Mrs. C. J. Allen prays the court to dismiss the writ of *habeas corpus,* etc.

The record further shows that when the matter came on for hearing at the time and place to which it was continued, it was heard upon the petition, and the answer, and affidavits, including those of petitioner and of Everett Richard Allen, mother and father of the child. The court then entered an order in which it is recited that: "It further appearing to the court" that the father of the child is "now a resident of the city of Detroit and State of Michigan," and "has filed an action for divorce" there,—"a copy of the petition and complaint in said cause being filed as a part of the record in this case," and in which custody of the child is sought; that the mother, petitioner, is now a resident of Madison County, N. C., and said minor child is a resident of the Nineteenth Judicial District of N. C.; that certain affidavits have been filed in the cause with reference to the character and reputation of the petitioner which raise the question of her suitability to have the care and custody of the child; that Mrs. C. J. Allen has heretofore for some time had the custody of the child; that the mother of the child is now residing in the home of Mr. and Mrs. Frank Ramsey in the town of Walnut, Madison County, N. C., and the child is in her custody there; and that the Superintendent of Public Welfare of Madison County should make an investigation (a) as to the mother's character and reputation and suitability for having the care and custody of her child, and (b) as to the condition and suitability of the home of Mrs. C. J. Allen; and (c) as to the home and suitability of Mr. and Mrs. Frank Ramsey for having the custody of the child. The court thereupon ordered that the custody of the child shall be and remain in the mother temporarily, pending further orders of the court; that the cause be continued for hearing at the May Term of Madison County Superior Court, at 4 o'clock p.m. on Wednesday, 27 May, 1953; and that the Superintendent of Public Welfare shall make investigation, and report then to the presiding judge as to her findings as to the suitability of the petitioner to have the care and custody of the child, and as to the home of Mr. and Mrs. Frank Ramsey and as to the home of Mrs. C. J. Allen.

To this order "respondent Mrs. C. J. Allen objects and excepts, and in open court gives notice of appeal to the Supreme Court."

The record further shows that under date 22 May, 1953, the Superintendent of Madison County Welfare Department made report to the court.

Thereafter when the matter came on to be heard, and being heard by the judge presiding at the May Term, 1953, of Madison County Superior Court, upon the petition, and the answer, and the affidavits filed in the cause, and upon report of the Superintendent of Public Welfare for Madison County, all as shown in the record on this appeal, the court,

after reciting that "it appearing to the court": (1) "That the mother of said infant . . . is a fit and proper person to have the custody and control of said infant"; . . . (2) "that she is a resident of Madison County, North Carolina" and "that the father of said child is a resident of the State of Michigan," ordered that the custody and control of the infant be awarded to the mother, Ava Etta Cook Allen, pending further orders of the court; (2) that the father be permitted to visit the infant and to have him in his custody at certain hours of the day; (3) that the mother give a bond in the sum of $500, with sufficient sureties, made payable to the State of North Carolina, conditioned that she will not remove the infant, or cause him to be removed from the jurisdiction of the court, and that she will produce him at any time the court may direct her to do so; (4) that the father of the infant, prior to being granted temporary custody of the infant, shall execute a like bond, conditioned that he will not remove the infant from the jurisdiction of the court or attempt to deprive the mother of the custody of the child, as there stated; and (5) the judgment shall be in full force and effect at all times until the same shall be modified by the court.

The record shows that "from the foregoing order and the signing of the same, the respondent Everett Richard Allen, in open court, gives notice of appeal to the Supreme Court, further notice waived . . ."

*Carl R. Stuart for respondent, appellant.*
*A. E. Leake for petitioner, appellee.*

WINBORNE, J. Four assignments of error are presented by appellant on this appeal. Neither of them, however, is well taken.

First: It is contended that the court erred in signing the first order, that of 31 January, 1953, "before any evidence was offered as to who was a fit and proper person to have the custody of the child, and forcing the respondent to deliver the child into the hands of petitioner." As to this, the record fails to show that exception was taken to the order at the time it was made. But be that as it may, the order was temporary, pending the continuance of the hearing. And too it was a direct and effectual means of preventing the removal of the child from the State, of which the petition indicates the petitioner was apprehensive. Moreover, the record fails to show that any harm came to the child as a result of this order. He was with his mother, and she had him at the next hearing.

Second: It is contended that the court erred "in not dismissing the petition, upon motion of the respondent, when it was shown that the applicant (petitioner) was a minor herself, and that she was without authority to bring an action except through her guardian or next friend."

It is true that petitioner stated both in her petition and in her affidavit filed on the hearing before the judge below that she was not twenty-one years old. Hence, in support of the above contention appellant invokes the provisions of a section of our statute on civil procedure, G.S. 1-64, to the effect that "in actions and special proceedings when any of the plaintiffs are infants," they must appear by guardian or next friend.

While this Court does not consider that *habeas corpus* under G.S. 17-39, pertaining to the determination of a contest between husband and wife over the custody and control of their child is any part of the civil procedure pertaining to "actions and special proceedings" within the purview of G.S. 1-64, it is deemed to be unnecessary, on the record in the present case, to enter into a discussion of the differentiating factors. For even if it were conceded that the provisions of G.S. 1-64 applied, applicant is confronted, at the very threshold of his contention, with the fact that the record on this appeal fails to show that he pleaded the infancy of petitioner as a defense. And, not being pleaded, it must be considered as waived. *Hicks v. Beam,* 112 N.C. 642, 17 S.E. 490; *Carroll v. Montgomery,* 128 N.C. 278, 38 S.E. 874; *Cole v. Wagner,* 197 N.C. 692, 150 S.E. 339; *Acceptance Corp. v. Edwards,* 213 N.C. 736, 197 S.E. 613.

Third: The third contention is similar to the second, just above considered, and is so treated in brief of appellant.

Four: Lastly, it is contended by appellant that the court below erred in failing to find facts, on which to base the judgment signed. As to this, it may be fairly determined that the recitals of matters "appearing to the court" in the connection, and as stated in the orders and judgment, are tantamount to saying that those matters are found by the court to be facts. Moreover, the appeal from the judgment signed is insufficient to bring up for review the findings of fact. *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

Indeed, the record fails to show that appellant requested the court to make any findings of facts, or that the appellant excepted to the finding of, or the failure to find any specific fact. As stated by *Johnson, J.,* in *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133, it is too late for the appellant "on appeal to complain of failure of the court to find specific facts, when no specific request therefor was made at the hearing," citing *Mfg. Co. v. Lumber Co.,* 177 N.C. 404, 99 S.E. 104.

This case is similar in factual situation to the case of *In re Ten Hoopen,* 202 N.C. 223, 162 S.E. 619.

The judgment below will be, and is hereby

Affirmed.