ELVA P. HAMMOND, BY HER NEXT FRIEND, IRVIN RAY HAMMOND, v. G. T. BULLARD AND WIFE, EDNA K. BULLARD; WORTH D. WILLIAMSON, TRUSTEE, AND AMERICAN DISCOUNT CORPORATION.

(Filed 16 June, 1966.)

**1. Cancellation and Rescission of Instruments § 3—**

The rule that a grantor may not himself bring an action attacking his deed for mental incapacity when he fails to show any change in his mental condition subsequent to the execution of the deed, has no application when the action is brought in the grantor's name by her duly appointed next friend, and the evidence, though conflicting, is sufficient to be submitted to the jury on the question of the grantor's mental incapacity at the time of the execution of the deed and at the trial, and further, that the deed was procured by fraud or undue influence.

**2. Evidence § 37—**

The admission of testimony of witnesses to the effect that in their opinion the grantor did not have sufficient mental capacity to understand what she was doing and the nature and consequences of her act when she executed the deed will not be held for error for failure of the witnesses to state what opportunity they had had to observe grantor when each of the witnesses testifies that he had had close personal association with the grantor for a period of years up to the time of the execution of the instrument.

**3. Appeal and Error § 42—**

A technical inaccuracy in the court's charge to the jury will not be held for prejudicial error when it is apparent from the charge, construed contextually, that the jury could not have been misled.

MOORE, J., not sitting.

APPEAL by defendants G. T. Bullard and wife, Edna K. Bullard, from *Hobgood, J.,* September-October Civil Session 1965 of CoLUMBUS.

This is a civil action which allegedly arose on 5 September 1962, at which time Elva P. Hammond and her husband, Perry C. Hammond, executed what purports to be a fee simple deed to the defendants Bullard for the land described in the complaint, consisting of 17 acres. This land belonged to Elva P. Hammond.

At the time of the execution of the purported deed Elva P. Hammond and her husband were residing on the premises involved. Perry C. Hammond was about 73 years of age at the time of the execution of the instrument involved, but was incapacitated physically and had not been gainfully employed for many years. On 28 January 1960 Elva P. Hammond suffered a severe stroke and since that time she has been limited and restricted in her physical and mental health to the extent she is scarcely able to transact any business or perform any physical labor. She was 71 years of age at the time of the trial below and, according to the evidence, has never been able to walk since 1960, but has been continuously confined to bed or a wheel chair.

This action was instituted on 14 August 1963 by Irvin Ray Hammond, son of Elva P. Hammond, as her next friend. He was appointed next friend on the ground that his mother was incapable by reason of her mental and physical infirmities to prosecute this action to set aside a purported deed, allegedly procured by fraud and undue influence and without adequate consideration.

Perry C. Hammond has died since the purported deed was executed and has never been a party to this action, although he was living at the time the action was instituted and the pleadings were drafted.

It is alleged that appellants at the time of the execution of the purported deed paid Perry C. Hammond $1,000, which was later put in a joint account of Elva P. Hammond and Perry C. Hammond and is "still intact for the most part and has never been used."

As further consideration, the grantors in the purported deed were to convey the premises subject to Elva P. Hammond's life estate, and the defendants Bullard were to assume and pay off six loans obtained by Elva P. Hammond and Perry C. Hammond from the defendant American Discount Corporation in the total amount of approximately $3,000. These loans were secured by six deeds of trust on the premises involved, in which deeds of trust the defendant Worth D. Williamson was trustee.

It is alleged that the premises involved on 5 September 1962 were worth $11,500, while the defendants Bullard agreed to pay a total

consideration of approximately $4,000. Other witnesses fixed the value of the premises conveyed at $8,000 to $11,500.

It is further alleged that the defendants Bullard have renewed the loans they assumed which are held by the American Discount Corporation; however, they have not canceled the deeds of trust and notes executed by Elva P. Hammond and her husband to the said Discount Corporation.

It is alleged that defendants Bullard attempted to get Elva P. Hammond to convey the land in question with the promise that her debts would be taken care of, and that she would retain the right to live on the premises in her homeplace for life; that these defendants were successful in getting Perry C. Hammond to agree to their proposition and that he agreed to attempt to pressure his wife into signing the conveyance to the premises. It is alleged that on 5 September 1962 the defendant G. T. Bullard, with the consent of Worth D. Williamson, had an attorney prepare a fee simple deed to the premises involved, and that he and H. G. McQueen, a justice of the peace of Chadbourn, N. C., went to the home of Elva P. Hammond and through the exercise of coercion and pressure obtained the signature of Elva P. Hammond on some sort of paper and the mark of Perry C. Hammond, which said paper writing is the purported deed involved in this action. It is further alleged that Elva P. Hammond was mentally incompetent on 5 September 1962 to know what she was doing or the consequences of her acts.

The defendants Bullard answered, alleging that Elva P. Hammond at the time of the execution of the conveyance was mentally alert and fully capable of transacting business, and that she freely and with full knowledge conveyed the property involved to the defendants Bullard. The defendants denied any coercion or undue influence.

The plaintiff's evidence tends to show that since Elva P. Hammond had a stroke in 1960 she has never been able to walk or perform any labor; that she has not been mentally capable of understanding what she was doing or the nature and consequences of her acts; that she has been in bed or a wheel chair ever since she suffered a stroke on 28 January 1960. Elva P. Hammond is practically blind and cannot read anything except large print.

Plaintiff's evidence further tends to show that Irvin Ray Hammond, who at the time of the trial was 33 years of age, was living with his parents at the time of the execution of the purported deed and was employed by the Chadbourn Veneer Company; that he and his father did the cooking after his mother had the stroke, and since his father's death his mother had lived with him and his wife or with one of his sisters; that he did not learn of the execution of

the purported deed until Saturday after its execution on the previous Tuesday; that he went to see G. T. Bullard on that day and offered to return the $1,000, but Bullard said "he didn't want to take it." The following week the witness offered to defendant Bullard $2,000 to let his parents have their home back, but Bullard said "he didn't want to get rid of the place." The premises has a six-room house on it, a tobacco barn and other farm buildings, and a tobacco allotment of 1.44 acres.

A number of witnesses testified that in their opinion Elva P. Hammond on 5 September 1962 did not have sufficient mental capacity to understand what she was doing or the consequences of her acts.

Elva P. Hammond testified that she recalled signing the paper, but she did not know what she was signing; that she did not read the instrument, and it was not read to her. "I didn't want to sell the land to G. T. Bullard. I told him I didn't. He said he gave me a check for $1,000 * * * I don't know what went with it."

At the close of plaintiff's evidence the defendant Worth D. Williamson, Trustee, and the American Discount Corporation moved for judgment as of nonsuit and the motion was allowed.

G. T. Bullard testified that Elva P. Hammond discussed selling her land to him in the fall of 1961. "She finally agreed to sell in the fall of 1962." He was to assume her indebtedness, pay her $1,000, and give her a life estate in the land. He, according to his testimony, instructed his attorney not to put anything in the deed about the life estate, that "my word is my bond."

The defendants offered a number of witnesses who testified that in their opinion on 5 September 1962 Elva P. Hammond had the mental capacity to transact business and to know the consequences of her acts.

The following issues were submitted to the jury and answered as indicated below:

"1. Did Elva P. Hammond on September 5, 1962, have sufficient mental capacity to execute the deed in question?

ANSWER: No.

"2. Was the deed in question obtained by fraud and undue influence?

ANSWER: Yes.

"3. What amount is the plaintiff entitled to recover of the defendants G. T. Bullard and wife, Edna K. Bullard, for rents since September, 1962, to date?

ANSWER: $1,000.00."

It was stipulated that on 20 November 1962 the actual amount Elva P. Hammond and her husband owed American Discount Corporation was $2,971.95. On the verdict returned by the jury it was ordered and decreed that the deed dated 5 September 1962 from Elva P. Hammond and husband, Perry C. Hammond, be and the same is adjudged null and void; that since the third issue was answered in the sum of $1,000 and G. T. Bullard has paid to or on behalf of Elva P. Hammond $1,000 at the time of the execution of the deed, it was ordered and adjudged that plaintiff recover nothing of the defendants and that the defendants recover nothing of the plaintiff. It was ordered and decreed that the American Discount Corporation has a lien secured by a deed of trust for $2,971.95, said deed of trust having been executed by the defendants Bullard on 20 November 1962, without prejudice as to any state of accounts between the defendants G. T. Bullard and wife and the American Discount Corporation. The costs were taxed against the defendants Bullard.

The defendants Bullard appeal, assigning error.

*Powell, Lee and Lee for plaintiff appellee.*
*Williamson & Walton for defendant appellants.*

DENNY, E.J. The appellants assign as error the failure of the court below to sustain their motion for judgment as of nonsuit made at the close of plaintiff's evidence and renewed at the close of all the evidence. The defendants contend the court erred in denying their motion for judgment as of nonsuit, on the ground that the plaintiff seeks to do something indirectly that she could not do directly, citing *Davis v. Davis,* 223 N.C. 36, 25 S.E. 2d 181. This position is untenable for two reasons. The first one is that in the instant case the action was brought by a next friend, which was permissible under the law. *Lamb v. Perry,* 169 N.C. 436, 86 S.E. 179; *Carroll v. Montgomery,* 128 N.C. 278, 38 S.E. 874; *Hicks v. Beam,* 112 N.C. 642, 17 S.E. 490. The second reason is that in *Davis v. Davis, supra,* the jury found there was no fraud or undue influence involved in the procurement of the contested conveyance. Here, the jury found that Elva P. Hammond on 5 September 1962 was mentally incompetent to execute the deed, and also found that the defendants Bullard obtained the deed in question by fraud and undue influence. *Davis v. Davis, supra,* is not controlling on the facts in this case.

The defendants admit that if their contention with respect to the manner in which this action was brought is not sustained, the plaintiff's evidence, when considered in the light most favorable to her,

is sufficient to carry the case to the jury on the issue of mental capacity. This assignment of error is overruled.

The appellants' assignment of error No. 3 is based on the alleged failure of the witnesses to state what opportunity they had had to observe Elva P. Hammond on or prior to 5 September 1962, before stating whether or not the witness had an opinion satisfactory to himself or herself as to whether or not Elva P. Hammond on 5 September 1962 had sufficient mental capacity to understand what she was doing and the nature and consequences of her act in making a deed.

The three witnesses who testified they did have an opinion satisfactory to themselves as to whether or not Elva P. Hammond on 5 September 1962 did have the mental capacity to understand what she was doing and the nature and consequences of her act in making a deed, were as follows: Irvin Ray Hammond, who had lived with his mother all his life except for two months; E. K. Bullard, 53 years of age and brother of the defendant G. T. Bullard, who testified that he had known Mrs. Elva P. Hammond all his life, that he had helped the Hammonds for many years on their farm since 1950, that he had tended the farm one year since 1950, and had seen Mrs. Elva P. Hammond once or twice a week since 1950, and sometimes more often; and Mrs. Hattie Strickland, a niece of Mrs. Hammond, who testified that she had known her aunt for 29 years and that she had been nursing her for the past five months. Each of these witnesses testified that in his or her opinion Elva P. Hammond did not have on September 5, 1962 the mental capacity to understand what she was doing and the nature and consequences of her act in making a deed. In our opinion there is no merit to these exceptions, and this assignment of error is also overruled.

Defendants' assignment of error No. 4 is directed to the following portion of the charge to the jury: "The plaintiff has offered evidence also tending to show the plaintiff did not have sufficient mental capacity to execute the deed in question on 5 September 1962." This instruction is technically erroneous. However, the court used the same language in summarizing the defendants' evidence, to wit: "The defendant has offered evidence tending to show that the plaintiff did have sufficient mental capacity to sign the deed in question on 5 September 1962 through the testimony of several witnesses as you will recall."

The court, however, in giving final instructions on issue No. 1 did so as follows: "So, the Court instructs you, members of the jury, that if you find from the evidence and by its greater weight that the plaintiff, Elva P. Hammond, on 5 September 1962 lacked sufficient mental capacity to understand the nature, scope and effect of

signing the deed in question, then you would answer Issue No. 1, No. If you fail to so find, you will answer Issue No. 1, YES."

In our opinion the jury was not misled by the instruction about which the defendants complain. *In re Efird's Will*, 195 N.C. 76, 141 S.E. 460. In the last cited case this Court held that where both caveator and propounders questioned their witnesses on the conjunctive proposition, including all the elements as to testamentary capacity to make a will, the jury could not have been misled; that under the facts and circumstances disclosed by the record the error was technical and harmless.

In our opinion the remaining assignments of error present no prejudicial error that would warrant our disturbing the verdict and judgment entered below.

No error.

MOORE, J., not sitting.