State v. Brown and State v. Ray

---

STATE OF NORTH CAROLINA v. ROBERT BROWN AND BETTY RIDDLE AND STATE OF NORTH CAROLINA v. GEORGE RICO RAY

No. 7413SC760

(Filed 16 October 1974)

1. Larceny § 6— currency seized from defendant's vehicle — admissibility

   The trial court in this larceny case did not err in allowing into evidence currency allegedly found in the trunk of defendant Ray's automobile where approximately $500 was taken from a store safe, most of it consisting of one-dollar bills, prior to the date of the crime the store manager had made a list of serial numbers from bills that were in the safe, the money taken from defendant's trunk totaled $498, most of it in one-dollar bills, and the serial numbers on five of the bills matched the serial numbers on the list made by the store manager.

2. Larceny § 7— larceny of money — sufficiency of evidence

   Evidence in a larceny case was sufficient to be submitted to the jury where it tended to show that two defendants obstructed the view into a store office while the third defendant took cash from the safe and that two defendants left the store together and drove around the area in order to pick up the third defendant who had left the store alone and jumped over the railing at the back of the store parking lot.

**3. Criminal Law § 113— doctrine of flight — instructions proper**

The trial court's instructions as to the doctrine of flight pertained to one defendant only and the other two defendants were not prejudiced thereby.

ON *certiorari* to review the defendants' trial before *Clark, Judge,* 13 February 1973 Session of Superior Court held in BLADEN County. Heard in the Court of Appeals on 18 September 1974.

This is a criminal prosecution wherein the defendants, Robert Brown, Betty Riddle, and George Rico Ray, were charged in separate bills of indictment, proper in form, with the larceny of $498.00 from the Winn Dixie Store, a corporation, in Elizabethtown, N. C.

The three cases were consolidated for trial and the State introduced evidence tending to show the following:

At approximately 5:30 p.m. on 25 February 1972, defendants Robert Brown and Betty Riddle were observed in the Winn Dixie Store in Elizabethtown by at least two of the store's employees. They were seen standing at a public telephone which was located near the door to the store's office and were standing in such a way that it was difficult to see through the door into the office. George Bryant, one of the store employees, testified that Robert Brown was holding the telephone receiver and that Betty Riddle was standing right behind him. He did not see Brown speak into the phone. Another employee, Michael Sasser, testified that he saw Betty Riddle holding the receiver and that Brown was standing right behind her. It was estimated that these two defendants stood in front of the door to the office for ten minutes. Sasser testified that he observed a black male wearing a blue nylon windbreaker crouching at the safe inside the store office. When he returned from reporting to his supervisor that someone was in the office, Brown, Riddle, and the man in the windbreaker were gone. Almost immediately thereafter, Sasser observed some money on the floor at the front door to the store. He told Bryant, who was returning to the store from taking a customer's groceries to her car, that the store had been robbed and pointed to the parking lot. Bryant observed defendant Brown cross the railing at the north end of the parking lot and, as Brown "was jogging along," Bryant followed him. Bryant followed defendant Brown east on King Street and continued to follow him until Brown was stopped

by Officers Priest and Little of the Elizabethtown Police Department about a block to the east and to the rear of the Winn Dixie Store at the intersection of Lower and Swanzy Streets.

Prior to apprehending defendant Brown, the officers had observed a Lincoln Continental in the vicinity of the Winn Dixie Store. When they first observed it, it was parked in the loading area behind the Winn Dixie Store. As they approached, it pulled off and made a right turn onto Swanzy Street. It turned onto Highway 701 and then made a right turn taking it back toward the Winn Dixie parking lot. After the officers had taken Brown to the Bladen County jail, Officer Little went back to the Winn Dixie Store. As he neared the store, he observed the same Lincoln Continental parked in front of and to the right of the Winn Dixie Store. The automobile then backed onto King Street, proceeded east, and turned right into an alleyway that runs along the north side of the Winn Dixie. The automobile then turned into the parking lot at the Winn Dixie Store and parked. Officer Little testified that he approached the car and observed defendant Betty Riddle in the back seat of the car and defendant Ray in the driver's seat.

After informing Ray of his constitutional rights, Ray consented to a search of the car. At first Ray stated that he had left the trunk key at his home in Charlotte and then stated that he had locked the key inside the trunk along with $400.00 of his own money. With Ray participating in the search, the key to the trunk, a blue windbreaker, and $498.00 in currency was found in the trunk of the car. This money consisted of 478 one-dollar bills, two five-dollar bills, and a ten-dollar bill. A pair of rubber gloves and an afro-type wig were found under the front seat of the car. Officer Little testified that before reaching the car, defendant Riddle had an afro-type hairdo but that when she got out of the car her hair was pinned close to her head. The store employees testified that Riddle had an afro-type hairdo when she was inside the Winn Dixie.

The manager of the Winn Dixie Store, B. C. Smith, testified that approximately $500.00 had been taken from the safe. He stated that with the exception of a couple of tens and fives the missing money consisted of one-dollar bills. He further testified that the serial numbers on five of the bills found in the trunk of Ray's car (totaling $22.00—one ten-dollar bill, two five-dollar bills, and two one-dollar bills) matched a list of

serial numbers taken from bills in the store's safe by Smith a couple of months prior to 25 February 1972.

Defendants Robert Brown and Betty Riddle did not testify or offer any evidence.

Defendant George Rico Ray testified in his own behalf and denied that he participated in the larceny of the $498.00.

Each defendant was found guilty as charged and from judgments entered on the verdict, the defendants appealed. The defendants' application to this court for writ of certiorari to perfect a late appeal was granted on 23 May 1974.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Edwin M. Speas, Jr., and Associate Attorney Ralf F. Haskell for the State.*

*Chandler & Hill, P.A. by J. B. Chandler, Jr., for defendant appellants.*

HEDRICK, Judge.

Assignments of error 2, 5, 6, 13, 26, 27, and 30 are common to the appeals of the three defendants and primarily present the questions of whether the court erred in admitting into evidence the $498.00 in currency (State's Exhibits 2 through 8) allegedly found in the trunk of defendant Ray's automobile and whether the evidence was sufficient to require the submission of the cases to the jury and to support the verdicts. Defendants assert that the currency was not properly identified by the owner thereof and that it was error for the court to allow it to be introduced into evidence. The defendants further contend that the evidence was not sufficient to withstand their motions for judgment as of nonsuit and to support the verdicts. We do not agree.

[1] B. C. Smith, the manager of the store, testified that approximately $500.00 belonging to the store was missing from the safe. Most of the money consisted of one-dollar bills. Sometime prior to the date of the crime, Mr. Smith had made a list of serial numbers from bills that were in the safe at the Winn Dixie Store. Officer Little found $498.00 in the trunk of defendant Ray's automobile. This money consisted of 478 one-dollar bills, two five-dollar bills and a ten-dollar bill. The serial numbers on two of the one-dollar bills, the two five-dollar bills, and the ten-dollar bill matched the serial numbers on the list made

State v. Brown and State v. Ray

by Mr. Smith from the bills that were missing from the store safe. All of the exhibits challenged by these exceptions were properly identified and admitted into evidence.

[2] The evidence, when viewed in the light most favorable to the State, is sufficient to raise an inference that the defendants were acting in concert. Defendants Riddle and Brown stationed themselves in such a manner, while pretending to use the telephone, that they obstructed the view into the office while the defendant Ray took the cash from the safe. The defendants Ray and Riddle left the store together and drove around the area in Ray's automobile in order to pick up defendant Brown who had left the store alone and jumped over the railing at the back of the parking lot. See *State v. Rankin,* 284 N.C. 219, 200 S.E. 2d 182 (1973) and *State v. Washington,* 17 N.C. App. 569, 195 S.E. 2d 1 (1973). These assignments of error are not sustained.

[3] Defendants George Rico Ray and Betty Riddle also contend that the trial court committed prejudicial error as to them by instructing the jury that it could consider the doctrine of flight along with the evidence presented in determining their possible guilt. The defendants' Ray and Riddle have apparently seized upon the court's statement that flight could indicate guilt of "any defendant" as a basis for this assignment of error. A review of the entire charge indicates that the instruction regarding flight pertained only to defendant Brown. It is well settled that the court has wide discretion in presenting the issues to the jury so long as it states the evidence plainly and fairly without expressing an opinion. *State v. Biggs,* 224 N.C. 722, 32 S.E. 2d 352 (1944). It is also well settled that on appeal the court's instructions will be viewed in their entirety. *Hammond v. Bullard,* 267 N.C. 570, 148 S.E. 2d 523 (1966). These assignments of error have no merit.

Each of the defendants have additional assignments of error which we have carefully considered and find to be without merit.

The defendants had a free trial free from prejudicial error.

No error.

Judges BRITT and BALEY concur.