WILLIAM LEXIE NASH v. LEON CHARLES MAYFIELD

No. 8120SC1410

(Filed 16 November 1982)

1. **Assault and Battery § 3.1— civil assault—failure to instruct on provocation in mitigation of damages**

   The trial court in a civil assault case did not err in failing to instruct the jury that it could consider any provocation by plaintiff in mitigation of damages where plaintiff's evidence showed an unprovoked assault and battery by defendant, defendant's evidence showed an attack by defendant on plaintiff in self-defense, and there was no evidence to support a finding of provocation.

2. **Assault and Battery § 3.1— civil assault—failure to instruct on mutual combat**

   The trial court in a civil assault action did not err in failing to instruct that if the jury found that the parties voluntarily engaged in a mutual combat, each contestant could recover from the other for damages resulting from injuries received where plaintiff's evidence showed an unprovoked assault and battery by defendant, defendant's evidence showed an attack by defendant on plaintiff in self-defense, and no evidence offered by either party tended to establish an encounter by mutual agreement.

3. **Assault and Battery § 3— civil assault—specific acts of violence by defendant**

   In a civil assault action in which defendant alleged that he acted in self-defense, the trial court properly excluded testimony by a character witness

that he had not ever known defendant to be involved in any type of assault since the testimony related to specific acts of violence rather than to reputation for peacefulness or violence.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 11 August 1981 in Superior Court, UNION County. Heard in the Court of Appeals 14 October 1982.

Defendant appeals from a judgment awarding plaintiff $10,000 and costs upon a jury finding that defendant committed an assault and battery upon plaintiff.

*Taylor and Bower, by H. P. Taylor, Jr. and George C. Bower, for defendant appellant.*

*Thomas, Harrington & Biedler, by Larry E. Harrington, for plaintiff appellee.*

WHICHARD, Judge.

Plaintiff's evidence tended to show the following:

Plaintiff was driving on a four-lane highway on which both lanes in his direction of travel were occupied. Defendant was behind him, blowing his horn and blinking his lights. At one point defendant pulled beside plaintiff and shook his fist at him. Plaintiff finally braked to turn, and defendant's vehicle struck plaintiff's in the rear.

Defendant then approached plaintiff on foot "like he was going to get [him] around the throat," and plaintiff struck defendant. Defendant stabbed plaintiff in the back and walked away. He then walked back toward plaintiff with a knife in his hand. When plaintiff saw defendant coming back toward him, he threw a hammer at him.

Defendant's evidence tended to show the following:

Plaintiff was driving ahead of defendant and "wouldn't move up or back and let [defendant] by in the left-hand lane." Defendant blew his horn and blinked his lights. Eventually plaintiff decelerated. Defendant started to pass him, and plaintiff jerked his vehicle sideways forcing defendant onto the shoulder. Later plaintiff suddenly braked, and defendant's vehicle slid into the rear of plaintiff's.

Plaintiff exited his vehicle and struck defendant. He then ran back to his vehicle, obtained a hammer, and came running toward defendant. Defendant ran backward, taking a swing at plaintiff with a knife while he ran. Plaintiff then threw the hammer at defendant, and it hit him.

[1] Defendant first contends the court erred in failing to instruct that the jury could consider any provocation by plaintiff in mitigation of damages. *See Lewis v. Fountain,* 168 N.C. 277, 279, 84 S.E. 278, 279 (1915); *Palmer v. R. R.,* 131 N.C. 250, 251, 42 S.E. 604, 604 (1902); *Frazier v. Glasgow,* 24 N.C. App. 641, 643, 211 S.E. 2d 852, 853, *cert. denied,* 286 N.C. 722, 213 S.E. 2d 721 (1975). The record, however, contains no evidence to support a finding of provocation. Defendant's evidence was entirely to the effect that his attack on plaintiff was a response, in self-defense, to plaintiff's attack on him. The parties presented contradictory versions of the encounter. Neither version suggested provocation leading to an assault. Both, instead, supported only the instructions given on self-defense.

[2] Defendant next contends the court erred in failing to instruct that if the jury found that the parties voluntarily engaged in a mutual combat, each contestant could recover from the other for damages resulting from injuries received. *See Bell v. Hansley,* 48 N.C. 131 (1855); *Lail v. Woods,* 36 N.C. App. 590, 591, 244 S.E. 2d 500, 501, *disc. rev. denied,* 295 N.C. 550, 248 S.E. 2d 727 (1978). Neither version of the encounter supports a finding of mutual combat, however. Plaintiff's evidence showed an unprovoked assault and battery upon plaintiff by defendant. Defendant's evidence showed an attack by defendant on plaintiff in self-defense. No evidence offered by either party tended in any way to establish an encounter by mutual agreement. This contention is thus without merit.

[3] Defendant next contends the court erred in sustaining objection to, and instructing the jury to disregard, the following testimony of a character witness, designed to show defendant's disposition toward peacefulness:

"Q. Have you ever known [defendant] to be involved in any type of assault?

A. Not to my knowledge."

He relies on *Strickland v. Jackson*, 23 N.C. App. 603, 607, 209 S.E. 2d 859, 862-63 (1974), wherein this Court stated: "[W]hen there is a plea of self-defense, or an issue as to who committed the first act of aggression, it is competent to show, through evidence of reputation, the dispositions of the parties."

As phrased the question elicited a response relating to specific acts of violence rather than to reputation for peacefulness or violence. Sustention of the objection thus was proper. *See State v. Morgan*, 245 N.C. 215, 217-18, 95 S.E. 2d 507, 508-09 (1956); *Nance v. Fike*, 244 N.C. 368, 93 S.E. 2d 443 (1956); 1 *Brandis on North Carolina Evidence* § 106 (2d rev. ed. 1982).

Defendant finally contends a portion of the charge was sufficiently unclear to constitute reversible error. The charge must be read contextually; and if as a whole it is such that it is not reasonable to believe the jury could have been misled, it is not prejudicial. *See Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E. 2d 488, 492 (1967); *Hammond v. Bullard*, 267 N.C. 570, 576, 148 S.E. 2d 523, 527 (1966). We have examined the charge as a whole, and we do not believe the jury could have been misled thereby.

No error.

Judges HEDRICK and HILL concur.