HAROLD E. MASSENGILL AND ILA LEE MASSENGILL v. MARTIN STAR-
LING D/B/A MARTIN AUTO SALES, LURAY BROGDEN AND EASTERN
AUTO AUCTION, INC.

No. 878SC13

(Filed 6 October 1987)

1. **Automobiles and Other Vehicles § 50.3; Negligence § 29— brake failure—auction company's failure to test—sufficient evidence of negligence**

    In an action to recover for injuries received by plaintiff when he was
    struck by a car being driven by defendant auction company's employee when
    the brakes failed, plaintiff's evidence was sufficient for the jury to find that
    defendant was negligent in failing to inspect the car or test its brakes before
    driving it into the auction garage where it tended to show that defendant's
    employee applied the brakes as she approached the auction garage; the car did
    not stop but struck plaintiff who was standing behind the car then being auc-
    tioned; the owner of the car had towed it onto defendant's lot to have it sold at
    auction; the owner of the car knew it had "weak brakes" but told defendant
    only that the car was to be sold "as is"; defendant often got cars from used car
    dealers that had serious mechanical defects; and defendant's employee did not
    test the brakes to see if they would stop the car before she drove it to the auc-
    tion garage.

2. **Automobiles and Other Vehicles § 90.11; Negligence § 37— sudden emergency —instruction not required**

    In an action to recover for injuries received by plaintiff when he was
    struck by a car being driven by defendant auction company's employee when
    the brakes failed, the trial court properly refused to instruct the jury on the
    doctrine of sudden emergency where plaintiff's theory of the case was that
    defendant was negligent in failing to inspect the car or test its brakes before
    driving it, not that defendant's employee was negligent in her reactions when
    she realized that the car she was driving had no brakes.

3. **Automobiles and Other Vehicles § 44.1; Negligence § 6.1— facts shown at trial —res ipsa loquitur inapplicable**

    In an action to recover for injuries received by plaintiff when he was
    struck by a car being driven by defendant auction company's employee when
    the brakes failed, the trial court committed prejudicial error in instructing the
    jury on the doctrine of *res ipsa loquitur* where all of the relevant facts and cir-
    cumstances leading to plaintiff's injuries were testified to by the witnesses at
    the trial.

---

**Massengill v. Starling**

---

ON writ of certiorari to the Superior Court, WAYNE County. Judgment entered 5 May 1986 by *Llewellyn, Judge.* Certiorari allowed 25 November 1986. Heard in the Court of Appeals 25 August 1987.

Plaintiff Harold Massengill was injured when he was struck by a car driven by defendant Luray Brogden in her capacity as employee of defendant Eastern Auto Auction, Inc. The car had been brought to defendant Eastern by defendant Martin Starling to be sold at auction.

Plaintiff operates a used car business and was attending an auction at Eastern Auto Auction. At the time of the accident, plaintiff was standing behind a car being auctioned, preparing to make a bid on it. Defendant Brogden was driving the car brought in by defendant Starling. She was bringing the car up to the auctioneer's table to be the next car auctioned. She testified that when she got in the car and started it, the brakes held the car in place when she put the car in gear. This was the only time she checked the brakes on the car. She drove the car from the parking lot toward the building containing the auctioneer's table at around seven to eight miles per hour. At a point approximately forty-seven feet from the building, she stepped on the brake in order to slow the car. The brakes did not work, nor did the emergency brake. The car struck plaintiff and crushed his legs between it and the car being auctioned.

Plaintiffs instituted this action seeking damages for the personal injury to Harold Massengill and the accompanying loss of consortium suffered by his wife. (The wife's claim is not involved in this appeal; therefore, "plaintiff" refers only to Harold Massengill.) At trial, defendants' motion for a directed verdict was denied and the case was submitted to the jury. The jury found that plaintiff had been injured by the negligence of defendants and that plaintiff had not contributed to his injuries through his own negligence. Judgment was entered on the verdict against defendants Eastern Auto Auction and Martin Starling in the amount of $150,000. Defendant Eastern Auto Auction, Inc. appeals.

*H. Jack Edwards and George K. Freeman, Jr., for plaintiff-appellee Harold Massengill.*

*Dees, Smith, Powell, Jarrett, Dees and Jones, by William W. Smith, for defendant-appellant Eastern Auto Auction, Inc.*

PARKER, Judge.

[1] By its first assignment of error, defendant Eastern Auto Auction, Inc. contends that the trial court erred in denying its motions for a directed verdict and for judgment notwithstanding the verdict. Defendant argues that the evidence presented at trial failed to show that it was negligent in any way which contributed to plaintiff's injuries. We disagree.

The test to be applied in ruling on a defendant's motions for a directed verdict or for judgment notwithstanding the verdict is the same. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). That test is whether the evidence, viewed in the light most favorable to the nonmovant, establishes that the plaintiff cannot recover upon any view of the facts. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678, 90 A.L.R. 3d 525 (1977). In this case, the evidence viewed in the light most favorable to plaintiff showed that defendant Starling towed the subject car onto defendant Eastern's lot to have it sold at an auction conducted by defendant Eastern. Starling knew the car had "weak brakes" but did not inform anyone at Eastern of this fact. Starling said only that the car was to be sold "as is." Eastern often got cars from used car dealers which had serious mechanical defects. Defendant Brogden, in her capacity as an employee of defendant Eastern, got into the car and started it for the purpose of driving to the garage where the auction was being conducted. She did not test the brakes to see if they would stop the car. No one working for Eastern had checked the car for mechanical problems. As defendant Brogden approached the garage, she applied the brakes but the car did not stop and it ran into plaintiff who was standing behind the car then being auctioned. This evidence was sufficient to raise a jury question as to whether defendant Brogden, as an employee of defendant Eastern, was negligent in not testing the brakes of the car and as to whether defendant Eastern was negligent in failing to inspect the car in light of the fact that many of the cars brought to defendant Eastern to be auctioned have mechanical defects. The assignment of error is overruled.

[2] By its next assignment of error, defendant Eastern contends that the trial court erred in refusing to give an instruction to the jury on the doctrine of sudden emergency. Defendant's request for such an instruction was denied by the court. The doctrine of

sudden emergency applies when a defendant is confronted by an emergency situation not of his own making and requires defendant to act only as a reasonable person would react to similar emergency circumstances. *Rodgers v. Carter*, 266 N.C. 564, 146 S.E. 2d 806 (1966). The defendant is not to be held liable for failure to act as calm, detached reflection at a later date would dictate. *Id.*

An examination of the pleadings and evidence, however, leads us to conclude that the doctrine of sudden emergency was not applicable to this case. Plaintiff's theory of the case was not that defendant Brogden was negligent in her reactions once she was confronted with an emergency situation, when she realized that the car she was driving had no brakes. Rather, plaintiff alleged and his evidence showed that the negligence of defendants, if any, came in failing to inspect the car or to test its brakes before driving it. The trial court was correct in refusing to instruct the jury on the doctrine of sudden emergency and the assignment of error is overruled.

**[3]** By its third assignment of error, defendant Eastern argues that the trial court committed prejudicial error in instructing the jury on the doctrine of *res ipsa loquitur*. The principle underlying *res ipsa loquitur* is that when an instrumentality which caused an injury to plaintiff is shown to be under the exclusive control and operation of defendant, and the accident is one which, in the ordinary course of events, does not happen absent negligence, plaintiff should be able to rely on the occurrence itself as some evidence that it arose from want of care on the part of defendant. *See, e.g., Kekelis v. Machine Works*, 273 N.C. 439, 160 S.E. 2d 320 (1968). In order for the doctrine to apply, a plaintiff must present evidence that the instrumentality which caused the injury was in the exclusive control of defendant and that the accident was of a kind which does not ordinarily occur unless someone was negligent. *Greene v. Nichols*, 274 N.C. 18, 161 S.E. 2d 521 (1968). *See generally* 58 Am. Jur. 2d *Negligence* § 480 (1971).

However, *res ipsa loquitur* does not apply in every case where the above-stated requirements are met. In *Springs v. Doll*, 197 N.C. 240, 148 S.E. 251 (1929), our Supreme Court set out several situations in which the doctrine would not apply regardless of the existence of the initial requirements for application of *res*

*ipsa loquitur.* One of those situations is "when all the facts causing the accident are known and testified to by the witnesses at the trial . . . ." *Id.* at 242, 148 S.E. at 252. *See also Lewis v. Piggott,* 16 N.C. App. 395, 192 S.E. 2d 128 (1972). The rationale underlying this rule is that the doctrine of *res ipsa loquitur* is intended to provide a plaintiff with a way of proving a *prima facie* case of negligence when the exact facts and circumstances are not known or are in the exclusive control of the defendant. *See McPherson v. Hospital,* 43 N.C. App. 164, 167, 258 S.E. 2d 410, 412 (1979). Thus, when all of the facts are known and testified to, there is no need for a plaintiff to resort to the doctrine as nothing is left to inference. *See generally* 58 Am. Jur. 2d *Negligence* § 489 (1971).

In this case, all of the relevant facts and circumstances leading to plaintiff's injuries were testified to before the jury. Defendant Starling testified that he towed the car onto the lot of defendant Eastern and left it there to be auctioned. He knew that it had "weak brakes" but did not inform anyone of this fact. The evidence established that no employee of defendant Eastern inspected the car. Defendant Brogden testified that she used the brakes to hold the car in place when putting it in gear, but did not test the brakes to see if they could stop a moving vehicle. The car was idling high so that she did not have to press the accelerator to move the car. She testified that she drove the car at a slow speed of seven to eight miles per hour and that when she attempted to apply the brakes to stop the car at the auction building, the pedal went all the way to the floor and the car did not stop. She did not pump the brakes, but she did attempt to engage the emergency brake and to shift into park. She tried the horn to warn plaintiff and others in the garage, but it didn't work either. She did not attempt to swerve to avoid plaintiff because there were people all around. Finally, she screamed "look out," but it was too late and the car struck plaintiff.

All of these facts were known by plaintiff and testified to at trial. There is no room for inference. We conclude that it was error for the trial court to instruct the jury on the evidence of *res ipsa loquitur.* Not all erroneous instructions warrant a new trial, however, and we must examine the instructions as a whole in order to determine whether defendant was prejudiced by the inclu-

sion of the instruction on *res ipsa loquitur. See Nash v. Mayfield*, 59 N.C. App. 521, 297 S.E. 2d 185 (1982).

The material facts in this case are uncontroverted. As to defendant Eastern, the central question for the jury presented by these facts was whether the failure of defendant's agent to test the brakes of the car before driving it into the auction garage amounted to a lack of due care under the circumstances. In the instructions on negligence, the trial court stated:

> Negligence is the lack of ordinary care. It is a failure to do what a reasonably careful and prudent person would have done or the doing of something which a reasonably careful and prudent person would not have done considering all the circumstances existing on the occasion in question. Negligence is not to be presumed from the mere fact of injury.

At the conclusion of the instructions, the jury was excused and the attorneys were given an opportunity to object to the instructions. Plaintiff's attorney objected to the omission of instructions on direct and circumstantial evidence and on *res ipsa loquitur*. The jury was called back in and the trial court gave the instructions. In the instructions on *res ipsa loquitur*, the trial court stated:

> Now, in this case the plaintiff Harold E. Massengill relies upon circumstantial evidence under the doctrine known as *res ipsa loquitur* to establish the negligence of the defendant Eastern Auto Auction, Inc. Under this doctrine, the law provides that in some instances the circumstances on which the injury occurred may provide evidence from which negligence may be inferred because the mere fact of the injury speaks for itself. In order for this doctrine to apply, however, it must first be established that the instrumentality, as in this case the automobile, which causes injury is in the exclusive control of a person and then it must be shown that the circumstances surrounding the occurrence of the injury are of such a nature that in the ordinary course of event, [sic] such injury would not have occurred if the person having control of the instrumentality had used reasonable care under the circumstances then existing. Upon such showing, the law permits, but does not require you to infer that the person having control of the instrumentality was negligent. In order to pre-

vail on this theory, the plaintiff Harold E. Massengill has the burden of proving by the greater weight of the evidence the following things:

One, that the plaintiff Massengill received injury and that the instrumentality which caused the injury was in the exclusive control of Eastern Auto Auction, Inc. By and through its agent Mrs. Woolsey.

Second, that the injury sustained is of the type which does not ordinarily occur in the absence of some negligent act or omission.

And third, the instrumentality involved proximately caused Harold E. Massengill's injury.

So finally I instruct you that if Harold E. Massengill has proved by the greater weight of the evidence that he sustained leg injuries which were caused by the automobile in question in this case and that said automobile was in the exclusive control of Eastern Auto Auction, Inc. By and through its agent Mrs. Woolsey and that Eastern Auto Auction, Inc. was negligent in the control of the instrumentality in that the circumstances of the automobile striking the plaintiff Massengill were such that in the ordinary course of events the injury would not have occurred if reasonable care had been exercised by Eastern Auto Auction, Inc. By and through its agent Mrs. Woolsey and if the plaintiff Massengill has further proved by the greater weight of the evidence that such negligence was a proximate cause of Massengill's injury, it would then by [sic] your duty to answer this issue, yes, in favor of Harold E. Massengill.

On the other hand, if after considering all the evidence you fail to so find or you are unable to say what the truth is, it would be your duty to answer this issue, no, in favor of Eastern Auto Auction, Inc., the defendant.

In our view, this instruction, given extra emphasis by virtue of being read to the jury after all the other instructions had been given, operated to the prejudice of defendant Eastern Auto Auction. In allowing the jury to infer a lack of due care on the part of defendant Eastern by the mere fact of injury, the erroneous instruction tipped the balance heavily in favor of plaintiff on the

central question left unresolved by the evidence: whether the conduct of defendant's agent amounted to a lack of due care.

We conclude that, as to defendant Eastern Auto Auction, Inc., there must be a

New trial.

Judges ARNOLD and JOHNSON concur.