STATE v. WILBERT GAINES AND EDWIN FRENCH ANDREWS.

(Filed 25 September 1963.)

1. **Criminal Law §§ 46, 101—**

While flight of an accused person is a circumstance to be considered with other facts and circumstances upon the question of an implied admission of guilt, it is insufficient, standing alone, to warrant the submission of the issue of guilt to the jury.

2. **Criminal Law § 9—**

While all who are present at the place of a crime and are aiding, abetting, assisting, or advising in its commission or who are present for such purpose to the knowledge of the actual perpetrator of the crime, are principals and equally guilty, mere presence of a by-stander without encouragement to the perpetrator by word or deed or conveying to the perpetrator in any manner the belief that he was standing by to lend assistance if necessary, is insufficient to constitute the by-stander an aider or abettor.

3. **Criminal Law § 85—**

When the State introduces evidence of statements tending to exculpate defendant and such statements are not contradicted or shown to be false by any fact or circumstance in evidence, the State is bound by the statements.

4. **Criminal Law § 101—**

Circumstantial evidence which raises a mere suspicion or conjecture of guilt is insufficient to withstand nonsuit.

5. **Larceny § 7— Evidence held insufficient to be submitted to the jury on question of defendants' guilt as aiders or abettors.**

The State's evidence tended to show that defendants entered a store with the perpetrator of the offense, stood by when the perpetrator reached over the counter and removed a tray of diamond rings, that all three fled when the clerk, after accosting them and telling them they had better put the rings back, told another clerk to call the police, and that a little more than half an hour later they were apprehended in a car driven by the perpetrator. The State also introduced testimony of declarations of the perpetrator and defendants to the effect that neither defendant knew of the perpetrator's intent. There was no evidence that either defendant said anything that would give encouragement to the perpetrator, or had

ever had the rings in his possession. *Held:* The evidence was insufficient to be submitted to the jury on the issue of defendants' guilt as aiders and abettors.

APPEAL by Wilbert Gaines and Edwin French Andrews from *Mc-Lean, J.,* January Session 1963 of GASTON.

Criminal prosecution on bill of indictment charging Billy Hill, Wilbert Gaines, Edwin French Andrews and Arthur James Hill with larceny on December 31, 1962, of "20 diamond rings of the value of over $200 dollars, of the goods, chattels and moneys of one Ken Dellinger, T/A Dellinger's Jewelry Store." Billy Hill pleaded guilty. Arthur James Hill, Gaines and Andrews pleaded not guilty.

The only evidence was that offered by the State. At the conclusion thereof, each defendant on trial moved for judgment as of nonsuit. The motion of Arthur James Hill was allowed and as to him the action was dismissed. The court overruled the motions of Gaines and Andrews. As to each, Gaines and Andrews, the jury returned a verdict of guilty; and, as to each, judgment imposing a prison sentence was pronounced. Each excepted and appealed, assigning as error the overruling of his motion for judgment as of nonsuit.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Mullen, Holland & Cooke and Amon Butler for defendant appellants.*

BOBBITT, J.   There was evidence tending to show the facts narrated below.

On December 31, 1962, about 2:00 p.m., Billy Hill, Gaines and Andrews entered Dellinger's Jewelry Store, located on East Main Street, Cherryville, N. C. Mrs. Dellinger was waiting on a customer and Mr. Davis, "the watchmaker," was waiting on another customer. Mrs. Dellinger was nearer the front of the "fairly long" store.

Mrs. Dellinger saw Billy Hill reach over "the first counter after you come inside the front door," open a sliding door and remove a tray or box of diamonds. Billy Hill, who was wearing a long coat, then "turned around" and "was facing the other boys." Mrs. Dellinger left her customer, walked toward the three boys and said: "Now, you boys have got a tray of diamond rings, and the best thing you can do is give them back to me." Billy Hill opened up his coat and said: "I don't have any rings." Mrs. Dellinger turned and said to Davis: "Call Yates McGinnis." (Yates McGinnis was the Chief of Police of

Cherryville.) Thereupon, they ("the three colored boys") "ran out the door just as fast as they could across the street." Although pursued by Mrs. Dellinger, Davis and an unidentified man, they reached and got in a Chevrolet car, parked on a nearby side street, which "pulled off" and drove away.

Davis got the license number, B 2133. He gave the information to McGinnis who "alerted" by radio "all nearby departments" to be on the lookout for a black 1960 Chevrolet Impala with license number B 2133.

The described car was observed and stopped by a member of the Gaston County Rural Police Department about 2:35 p.m. Billy Hill was driving the car. The other occupants were Arthur James Hill, Gaines and Andrews. There was no evidence as to where the occupants other than Billy Hill were seated in the car. This officer (and another who arrived shortly after the described car was stopped) found "a blue box of rings in the car on top of the glove compartment, up under the dash." The box "was closed." (This "box of rings" was identified by Mrs. Dellinger as the "tray of rings" Billy Hill had removed from the counter.) These officers also found on the front seat "one white ring box and some money with a money clip on it." In searching the (four) occupants of the car, the officers "didn't find any other jewelry or anything" and "found no weapons except two (2) ordinary pocketknives." They arrested all four occupants of the car, took them to the Rural Police office in Gastonia and thereafter Ed Groves, Captain of Detectives of the Gaston County Rural Police, after questioning the four boys, took them to Cherryville and turned them over to Chief McGinnis.

With further reference to what occurred in the store, Mrs. Dellinger testified she did not see Gaines or Andrews "do anything to encourage or entice or assist Billy Hill in taking the diamonds" and that she "did not see a weapon of any kind." While she *concluded* Billy Hill must have passed the box to Gaines or Andrews, she testified as follows: "I actually didn't see the box passed, because I couldn't see for the coat and I don't know whether the box was passed."

With further reference to what occurred when the four occupants of the car were stopped and arrested and thereafter: Each of the arresting officers testified Billy Hill stated the money on the front seat in the clip was his (Billy Hill's) money. Later, the four boys were questioned by Captain Groves. Captain Groves testified in part on direct examination as follows: "Arthur Hill said he didn't have anything to do with it. I first talked to Billy Hill, and he stated that he had got the diamond rings in Cherryville; the other three (3) had

nothing to do with it; they stated that the two (2) of them that went in the store with Billy Hill, they had gone in—that he had gone in to buy a ring for his girl friend, and they didn't know that he was going to steal anything. No, sir, they stuck to their story. They never said anything to the contrary." On cross-examination, Captain Groves testified Billy Hill stated that the car he was driving belonged to his father; that he (Billy Hill) went into the store to buy a ring for his girl friend; that "(t)he other two (2) boys had nothing to do with it"; and that "(t)hey (Gaines and Andrews) had no idea what he (Billy Hill) intended to do."

There was evidence Gaines and Andrews walked into the store with Billy Hill; that they were in the store when Billy Hill stole the box of diamonds; that they, along with Billy Hill, ran from the store when Davis was directed to call the Chief of Police; and that they left Cherryville in a Chevrolet car operated by Billy Hill and owned by Billy Hill's father.

There is no evidence Gaines or Andrews at any time had possession of any part of the diamonds or that they, by word or deed, aided and abetted Billy Hill in the theft of the box of diamonds. In short, the evidence tends to show that Gaines and Andrews were present when Billy Hill stole the box of diamonds and that they accompanied him in his flight from the scene of the crime.

The State offered in evidence the statements made by Billy Hill, Gaines and Andrews to the effect that Gaines and Andrews had nothing to do with the theft and had no knowledge that Billy Hill entered the store with intent to steal.

While the flight of an accused person may be admitted as a circumstance tending to show guilt, "(i)t does not create a presumption of guilt, nor is it sufficient standing alone, but it may be considered in connection with other facts in determining whether the combined circumstances amount to an admission." Stansbury, North Carolina Evidence, Second Edition, § 178; Strong, N. C. Index, Volume 1, Criminal Law § 46.

Decision turns on the application of these legal principles:

1. "All who are present at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and equally guilty. (Citations) An aider and abetter is one who advises, counsels, procures, or encourages another to commit a crime. (Citations) To render one who does not actually participate in the commission of a crime guilty of the offense committed, there must be some evidence tending to show that he, by word or deed,

gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary. (Citation)" *S. v. Ham*, 238 N.C. 94, 97, 76 S.E. 2d 346; *S. v. Horner*, 248 N.C. 342, 350, 103 S.E. 2d 694; *S. v. Hargett*, 255 N.C. 412, 415, 121 S.E. 2d 589.

2. "When the State introduces in evidence exculpatory statements of the defendant which are not contradicted or shown to be false by any other facts or circumstances in evidence, the State is bound by these statements." *S. v. Carter*, 254 N.C. 475, 479, 119 S.E. 2d 461, and cases cited. Here, the statements of Billy Hill, Gaines and Andrews, offered in evidence by the State, tend to exculpate Gaines and Andrews.

While the circumstances may raise a suspicion or conjecture of the guilt of Gaines and Andrews, this is insufficient to withstand their motions for judgments as of nonsuit. Strong, N. C. Index, Volume 1, Criminal Law § 101. In our view, when considered in the light of the legal principles set forth above, the evidence was insufficient to support a verdict of guilty as to Gaines or Andrews and their motions for judgment as of nonsuit should have been allowed. Hence, the judgments of the court below are reversed and Gaines and Andrews are entitled to be discharged. It is so ordered.

Reversed.