STATE OF NORTH CAROLINA v. JOHN McCABE, JOSEPH WAYNE
LOFTEN, JACK GEORGE PERLMUTTER AND FRED PAUL THOMPSON
AND
STATE v. JOSEPH WAYNE LOFTEN AND FRED PAUL THOMPSON.

(Filed 10 July 1968.)

**1. Criminal Law § 42—**

In a prosecution for armed robbery, defendant's motion to suppress the admission of clothing identified as that worn by defendant at the time of the robbery *is held* properly denied without a preliminary investigation in the absence of the jury.

**2. Criminal Law § 9—**

The mere presence of a person at the scene of a crime does not make him a principal even though he makes no effort to prevent the commission of the crime and even though he may approve of its commission and intend to assist if his aid should become necessary.

**3. Same—**

A person aids or abets in the commission of a crime when he shares the criminal intent and by word or deed gives encouragement to the actual perpetrator or by his conduct makes it known to such perpetrator that he is standing by to render assistance if necessary.

**4. Same—**

Circumstances to be considered in determining whether a person is guilty of aiding and abetting in the commission of a crime are the relationship of that person to the actual perpetrator, the motives tempting him to assist, his presence at the time and place of the crime, and his conduct before and after the crime.

**5. Robbery § 4— Evidence held sufficient to be submitted to jury in robbery prosecution.**

Evidence of the State tending to show that an automobile with four occupants parked near a finance company, that one defendant who was seated in the right front seat put a coin in the parking meter, that two defendants who were in the rear seat left and entered the finance company, that one of the defendants robbed the finance company at gunpoint while the other stood by, that these two defendants fled the finance company together and reentered the parked automobile, that the automobile with four occupants fled the scene with police officers in pursuit and was thereafter wrecked, with its occupants fleeing by foot, that the defendant who actually perpetrated the robbery surrendered at the scene of the wreck and the stolen money was found on his person, that the other three defendants were found hiding together under a nearby house, and that the two defendants who allegedly occupied the front seat of the getaway car had been seen together in the area of the robbery shortly before the robbery occurred, *is held* sufficient to be submitted to the jury as to the guilt of all four defendants of the crime of armed robbery.

**6. Criminal Law § 166—**

Assignments of error not brought forward in the brief are deemed abandoned.

**7. Criminal Law § 92—**

A motion for a separate trial is addressed to the discretion of the court, and no abuse of discretion is shown in the denial of such a motion where defendants are charged with committing the same offense as partners in crime.

**8. Criminal Law § 162—**

Where no objection is made at the trial to the introduction of evidence, an exception to the admissibility of the evidence will not be considered on appeal.

**9. Indictment and Warrant § 13—**

A motion for a bill of particulars is addressed to the discretion of the trial court, and no abuse of discretion is shown in the denial of such a motion where the State introduced no evidence which could have been a surprise to defendant.

**10. Robbery § 5—**

In a trial of four defendants for armed robbery, a statement by the court in its instructions to the jury that one defendant contends "that all he could be, if he is anything, would be an aider and abettor," will not be held for prejudicial error when considered with other portions of the charge to the effect that this defendant contended that he had nothing to do with the robbery and that the evidence was insufficient to show that he was an aider and abettor, and that by his plea of not guilty defendant denied the charges against him and all the evidence presented by the State.

APPEAL by defendants from *Crissman, J.,* 4 December 1967 Regular Criminal Session, GUILFORD Superior Court, Greensboro Division.

The defendants were charged in separate bills of indictment with armed robbery. Another defendant, Perlmutter, was charged, tried with these defendants and convicted, but as to him no appeal has been perfected. The cases were consolidated for trial. Since the evidence pertinent to the questions presented for decision is the same, all three appeals will be considered in this opinion.

The defendants did not testify nor present any evidence. The evidence for the State tends to show that defendant Perlmutter had a reservation to pick up a rental car on 27 June 1967 and did rent a 1966 Ford, four-door sedan bearing North Carolina license number 2757C about 11:30 on that day, to be returned the same day. Subsequently the rental agent saw Perlmutter with a "little short man" standing by a brown Cadillac bearing a Florida license in front of the O'Henry Hotel, where the rental office was located. Thompson and Loften were seen together by a police officer about noon of that day. They were at the intersection of Cedar Street and Friendly Street walking westerly on Friendly Street. At approximately 2:30 that afternoon the Ford pulled into a parking space on Elm Street

at the corner of North Elm and West Market, in the last position headed south. The occupant seated on the right side of the front seat, later identified as Loften, got out and put a coin in the parking meter. The occupants of the rear seat, later identified as Perlmutter and McCabe, got out and walked in a northerly direction on Elm Street and entered the office of the Local Finance Company, located at 121 North Elm Street. Perlmutter pulled a gun and advised the employee "this is a holdup". He told her not to try anything funny and she wouldn't get hurt. He asked for the keys, and either he or McCabe locked the front door. Perlmutter then told her to give him the cash, and she gave him some $2100.00, which he stuffed in his pockets. He then demanded to be shown the inside of the safe which was empty. The manager came up and tried to get in the front door. Perlmutter told the employee to tell him they were police officers and to come in. Perlmutter and McCabe stood on the left side of the door. The manager refused to come in, and Perlmutter and McCabe ran out. The employee testified that Perlmutter had on a gray suit and McCabe a "sort of royal blue" suit. She identified the coat and pants worn by McCabe. She testified that McCabe said nothing during the time the two were in the office. McCabe and Perlmutter ran around the corner and headed west on Friendly Street. The witness who had seen them go in the loan company started pursuing them and called for help to a police officer across the street. They started east on Friendly Street to attempt to intercept Perlmutter and McCabe at the car. Another witness who heard the call pursued them around the block. All three witnesses testified that Perlmutter and McCabe jumped in the rear seat of the parked car, the door being open, and the car immediately "took off", crossed four lanes of traffic and turned left. The witnesses testified that the driver of the car was broad shouldered and stocky and that the occupant of the right front seat was small and short. All of the witnesses identified the clothing worn by McCabe, and they identified McCabe, Perlmutter and Loften in the courtroom. The car was chased by police officers accompanied by one of the witnesses who had joined in the ·chase. The car was never out of sight of the police car except momentarily. After a chase of several blocks the Ford was wrecked and abandoned. The occupants fled on foot.

A few minutes after the police officers arrived on the scene, Perlmutter came up and surrendered, and the money was recovered from his person. He told the officers where his Cadillac was located. A bloodhound was brought to the scene. A blue coat, identified as McCabe's, had been found in some bushes in the area and this was used for the dog to get a scent. He carried the officers to a nearby house

and the other defendants came out of the basement on orders of the officers. Photographs were taken and defendant Thompson objected to the introduction of a photograph of him with an officer on either side. No defendant other than Perlmutter had on his person any of the money taken in the robbery. A .38 special colt revolver and a pair of sunglasses were found under the house. A felt hat was found in the area. Witnesses testified that Perlmutter was wearing sunglasses and a soft felt hat at the time of the robbery.

At trial, the solicitor moved for consolidation of the cases for trial and the motion was allowed. Thompson and Loften excepted and moved for severance. This motion was denied and they excepted. Loften moved for a bill of particulars. This motion was denied and he excepted. Motions for nonsuit were denied. The jury found all defendants guilty as charged. McCabe, Thompson and Loften appealed.

*McCabe's Appeal: Attorney General Bruton and Deputy Attorney General Moody for the State.*

*Jerry S. Weston for defendant appellant.*

*Thompson and Loften's Appeal: Attorney General Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Percy L. Wall for defendant appellant Loften; Comer and Harrilson by John F. Comer, for defendant appellant Thompson.*

MORRIS, J.　The appeals of the defendants will be considered separately:

## McCABE'S APPEAL.

Defendant objected to the admission of testimony of witnesses identifying a blue coat and blue trousers as being the coat and trousers worn by the defendant McCabe at the time of the alleged robbery. Upon introduction of the items into evidence, defendant McCabe moved to suppress and requested to be heard in the absence of the jury. He contends the court committed reversible error in denying his motion and request. In support of his contention, he relies heavily on *State v. Pike*, 273 N.C. 102, 159 S.E. 2d 334. There the motion to suppress was based on defendant's contention that the evidence sought to be admitted was obtained by an illegal search. The court there held that the procedure on a motion to suppress evidence because of an illegal search and seizure should be the same as the inquiry by the court into the voluntariness of a confession. Here the objection is to the admission of clothing worn by the defendant at the time of the commission of the crime.

Our Supreme Court has long held that evidence as to fingerprints

and footprints is admissible. In *State v. Paschal,* 253 N.C. 795, 797, 117 S.E. 2d 749, the Court said:

"The established rule in this jurisdiction is that '(t)he scope of the privilege against self-incrimination, in history and in principle, includes only the process of testifying by word of mouth or in writing, *i.e.,* the process of disclosure by utterance. It has no application to such physical, evidential circumstances as may exist on the accused's body or about his person.' *S. v. Rogers,* 233 N.C. 390, 399, 64 S.E. 2d 572, where Ervin, J., reviews prior decisions of this Court. See also *S. v. Grayson,* 239 N.C. 453, 458, 80 S.E. 2d 387, opinion by Parker, J., and cases cited."

In *State v. Colson,* 1 N.C.App. 339, 161 S.E. 2d 637, the defendant assigned as error the admission into evidence of clothing worn by him on the night his wife was killed. While intoxicated, the defendant exhibited his underclothing to the police who immediately observed bloodstains thereon. These articles were admitted into evidence over defendant's objection. He contended that search of his person and seizure of his clothing was illegal as not being an incident of his arrest and the act of revealing his underclothing was not voluntary because of his intoxicated condition. As to his first contention, this Court said:

"When the incriminating article is in plain view of the officers or is revealed by the voluntary act of the defendant, no search is necessary and the constitutional guaranty does not apply. *State v. Kinley,* 270 N.C. 296, 154 S.E. 2d 95."

As to his second contention, the Court said:

"Incriminating articles which are plainly in view of the police may be observed by them. They would be derelict in their duties if they failed to do so. And it makes no difference that the articles are disclosed to view by the irrational motives of a drunk, rather than by the calculated actions of his sober brother. In either case, nothing in the Constitution or in our laws relating to searches and seizures requires that the police close their eyes and refuse to see what is plainly in sight." *State v. Colson, supra,* at 343.

The articles objected to here were in plain view. They were identified as clothing worn by the defendant at the time of the commission of the crime and were rightly received in evidence without a preliminary investigation in the absence of the jury.

The defendant further contends that his motion for nonsuit should have been granted for that the State failed to show any overt

act on the part of the defendant McCabe. This contention is without merit. It is true that the mere presence of a person at the scene of a crime does not make him a principal, even though he makes no effort to prevent the commission of the crime, and even though he may approve of its commission and intend to assist if his assistance should become necessary. *State v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5. He must also aid or abet the actual perpetrator. This he does when he shares in the criminal intent of the actual perpetrator and by word or deed gives active encouragement to the perpetrator or by his conduct makes it known to such perpetrator that he is standing by to render assistance when and if necessary. *State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485. Circumstances to be considered in determining whether McCabe aided and abetted in the perpetration of the crime are his relationship to the actual perpetrator, the motives tempting him to assist, his presence at the time and place of the crime, and his conduct before and after the crime. *State v. Birchfield, supra.* The evidence was that McCabe was with all the other defendants before the crime was committed; that they all arrived in a rented car and parked near the finance company office; that he accompanied Perlmutter from the automobile to the finance company; that he entered the finance company with Perlmutter; that he stood by the entire time, taking a position on one side of the door when the manager attempted to enter; that he left with Perlmutter, reentered the getaway car with him, and was with the other defendants when apprehended. Certainly McCabe was more than a mere bystander. The circumstances are sufficient to show that McCabe was actually present; that he shared in Perlmutter's criminal intent; that he, by his actions, gave active encouragement to Perlmutter; and, by his conduct, made it known to Perlmutter that he was standing by to lend assistance if it should become necessary. Consequently, the court properly permitted the jury to pass on McCabe's guilt or innocence.

Other exceptions assigned as error by McCabe were not brought forward in his brief and are, therefore, deemed abandoned. *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698.

As to the trial of McCabe, we find

No error.

### THOMPSON'S APPEAL.

Defendant Thompson noted fourteen assignments of error. He brings forward in his brief four of them. Those exceptions not brought forward and argued are deemed abandoned. *Knutton v. Cofield,* 273 N.C. 355, 160 S.E. 2d 29.

He assigns as error the court's allowing the case against him to

be consolidated with the others and denying his motion for a separate trial. This assignment of error is overruled. The granting or refusing of defendant's motion for a separate trial was a matter which rested in the sound discretion of the trial judge. *State v. Hines,* 266 N.C. 1, 145 S.E. 2d 363. Defendant contends that consolidation was so prejudicial to defendant as to constitute abuse of discretion. We find no abuse of discretion in this record. These defendants were charged with the same offense, occurring at the same time, as partners in crime. They were tried together as the trial court thought they should be.

The defendant contends the court committed prejudicial error in allowing into evidence State's Exhibit #25 — a photograph showing Thompson in the custody of two police officers. It appears from the record that no objection was made at the time the photograph was introduced into evidence but an exception was entered when the case on appeal was prepared. G.S. 1-206(3) provides that no exception need be taken to any ruling *upon an objection* to the admission of evidence. It does not dispense with the necessity of making an objection to the ruling of the court. By failing to object, the defendant has waived any rights he might have had, and this assignment of error does not present any question for our decision. *State v. Howell,* 239 N.C. 78, 79 S.E. 2d 235.

The last two assignments of error brought forward by defendant Thompson are addressed to the denial of his motion for judgment of nonsuit made at the close of the State's evidence and all evidence.

Defendant contends that there was no evidence of his presence at the scene, no evidence of possession of a weapon, no evidence of knowledge on his part of the purported robbery or any intent to commit any robbery, and no evidence that he shared in the fruits of the offense. Defendant earnestly contends that these are elements of the offense and without these the State had little on which to rely, and the case should not have been submitted to the jury. We disagree. It is true that Thompson was not identified by any of the State's witnesses, either as being at the finance company or in the car in which Perlmutter and McCabe were carried from the scene. However, the four defendants were apprehended after the robbery. Thompson was with McCabe and Loften, and the getaway car had been only momentarily out of sight of the officers. Loften was identified as the one who put the coin in the parking meter and he and Thompson had been seen together in the area of the robbery shortly before the robbery occurred. There were four persons in the car when it arrived on the scene, and there were four persons in it when

it left. Perlmutter and McCabe occupied the rear seat and Loften occupied the right front seat. It is true that Thompson had no fruits of the crime on his person, but there had been no time for a division.

Found with Thompson, McCabe and Loften was a pistol and a pair of sunglasses. The evidence was that Perlmutter wore sunglasses and used a pistol in the robbery. Neither was on his person when arrested.

Defendant strongly relies on *State v. Aycoth,* 272 N.C. 48, 157 S.E. 2d 655. There Aycoth's codefendant, Shadrick, appealed from a conviction of robbery contending evidence as to him was insufficient for submission to the jury. There the evidence tended to show that Shadrick was seated in Aycoth's car on the right front seat. Aycoth went in the store and was there no more than two or three minutes. The storekeeper testified that she could see Shadrick and he could see her through the window, but he never looked around. There was evidence that Aycoth concealed the pistol he was carrying before he stepped out of the store. There is no evidence Shadrick ever observed what was going on in the store. There was no evidence he shared in the money taken. The robbery occurred about 1:15 p.m., and the two were arrested at 9:00 p.m. the same day. At that time Shadrick had about $15.00 on his person. There was no evidence that Shadrick owned or controlled the car wherein weapons were found under the seat. The Supreme Court held that this evidence, while pointing the finger of suspicion toward Shadrick, was not sufficient to warrant a verdict of guilty of the armed robbery as an aider and abettor of Aycoth.

In this case, we think the evidence does more than point the finger of suspicion toward Thompson. The trial court did not commit error in submitting the case to the jury.

As to the trial of defendant Thompson, we find

No error.

### LOFTEN'S APPEAL.

Defendant Loften brings forward four of his eleven assignments of error.

He also assigns as error the consolidation of the cases for trial. What was said in Thompson's appeal is applicable here, and this assignment is overruled.

Defendant Loften assigns as error the refusal of the trial court to grant his motion for a bill of particulars. The refusal or allowance of this motion was addressed to the sound discretion of the trial judge. The solicitor in his answer to the motion stated that the defendant had been at liberty all the time to inquire through the solicitor's office regarding any of the facts of the case and that the

STATE *v.* McCABE AND STATE *v.* LOFTEN.

State had at all times been ready, willing, and able to provide defendant with a list of State's witnesses and permit him to confer with any of them had a request been made. The solicitor had no signed statements of any witness. It was apparent that no evidence was introduced by the State which could have been a surprise to defendant Loften. There was no abuse of discretion, and the court's refusal to grant the motion was not error. *State v. Porth,* 269 N.C. 329, 153 S.E. 2d 10.

Defendant Loften contends that by the following quoted portion of the charge, the court expressed an opinion because he, in effect stated that defendant Loften admitted his guilt of the crime charged:

"Now, members of the jury, as to the defendant Joseph Wayne Loften, this defendant says and contends that he was not involved at all, and, even if you believe all of the testimony, all of the evidence, that he certainly didn't go in the store and have any part in the hold-up or in obtaining the money. And so he says and contends, members of the jury, that all he could be, if he is anything, would be an aider and abetter, and he says and contends that there is not enough evidence here to satisfy you beyond a reasonable doubt to make him an aider and abetter under the terms of this Statute."

If defendant felt the court had misstated his contentions, the alleged misstatement should have been called to the court's attention at the time so as to permit the court to correct its alleged inadvertent mistake.

While exceptions to the statement by the court of the contentions of the parties not called to the attention of the court at the time are treated on appeal as ineffectual or waived, *Johnson v. Lamb,* 273 N.C. 701, 161 S.E. 2d 131, we have nevertheless carefully studied the charge of the court. The court at several places in his charge stated that defendant Loften contended he had nothing to do with the robbery and instructed the jury more than once that, by his plea of not guilty, Loften denied the charges against him. In the last paragraph of the charge, the court said:

"Now, members of the jury, the court wants you to understand that each of these defendants by his plea of not guilty denies every bit of the evidence of the State and does not admit anything, and the court in stating the contentions or saying what the evidence might tend to show, if the court left any other impression that was certainly by inadvertence and did not mean to. Each of these defendants deny that they had any connection with it, and do not admit any part of the testimony that you

have heard, but on the other hand deny it. They don't admit being in the car. They don't admit that any of them were under the house, or admit being anywhere."

We fail to see how from a reading of the entire charge, the jury could have gotten the impression that the court believed the defendant Loften was guilty and expressed that opinion. This assignment of error is overruled.

Defendant Loften's remaining assignment of error is to the denial of his motion for nonsuit. He relies strongly on *State v. Aycoth*, 272 N.C. 48, 157 S.E. 2d 655, the facts of which are set out in Thompson's appeal. As we said in Thompson's appeal, we are of the opinion that the evidence in this case is more than sufficient to carry the case to the jury as to all defendants.

In the trial of defendant Loften, we find

No error.

The final result is that in the trial of these three defendants, we find

No error.

CAMPBELL and BRITT, JJ., concur.