STATE OF NORTH CAROLINA v. JOHN CARROLL WALL AND CLARENCE WALTON, JR.

No. 6910SC470

(Filed 22 October 1969)

1. Criminal Law § 92;    Robbery § 2—    armed robbery — motion for separate trials — reliance on different defenses

     In a consolidated prosecution of two defendants for armed robbery in which one defendant presented the defense of alibi while the other defendant presented no evidence but relied on the weakness of the State's case, the trial court properly refused to try each defendant separately, since the defenses were not inconsistent.

2. Criminal Law § 92—    motion for separate trial

     The granting or refusing of the motion for a separate trial is a matter which rests in the sound discretion of the trial judge.

3. Criminal Law § 117—    instructions — scrutiny of accomplice's testimony

     It is within the sound discretion of the trial judge, in the absence of a request to do so, to voluntarily refer to the rule of scrutiny of an accomplice's testimony.

APPEAL by defendants from *McKinnon, J.,* May Regular Session 1969, WAKE County Superior Court.

Defendants were indicted in separate bills of indictment for the crime of armed robbery. Each bill of indictment was proper in form and in the case of Wall, it was alleged that he used a pistol and in the case of Walton that he used a shotgun.

Each defendant entered a plea of not guilty. Over the objection of defendant Wall, the two cases were consolidated for trial. The jury found both defendants guilty as charged, and from a prison sentence of 15 to 20 years each defendant appealed.

The evidence reveals that on Saturday, 15 February 1969, about 8:30 in the morning, David N. Devaughn was manager of the A & P Company store located on Newcombe Road in Raleigh, North Carolina. He was engaged in taking trash to the dumpster at the rear of the store building when he observed a white automobile drive onto the parking lot. The automobile was occupied by four persons. Devaughn went back into the store for more trash, and on his return to the dumpster, two people — one from each side of the dumpster — accosted him and stated, "This is a holdup." Each person had on a ski hood or similar type mask. One person had a pistol, and the other person had a shotgun. Devaughn was ordered back into the store, and the one with the pistol directed Devaughn to the office portion of the store while the other person with the shotgun rounded up some 15 to 20 employees and customers who were in the store at the time. One customer, G. C. Jones, manager of the Southgate Plaza Laundry and Cleaners, which was located near the A & P Store, walked out of the A & P Store and back to his own place of business while the robbery was in progress. Devaughn placed the currency which was in the office safe in a bag at the direction of the robber with the pistol. The bag was then taken to the cashier at the checkout counter, and the currency there was likewise placed in the bag. The two robbers then left the store, with the bag containing some $800, and got into the white automobile occupied by two others. The automobile containing the four occupants drove away.

G. C. Jones testified that he had been in the A & P Store between 8:30 and 9:00 a.m. He made a purchase and then went back to the cleaning plant where he was manager. He had observed the robbery in progress and went back to his place for the purpose of telephoning police. While he was in the process of telephoning, a person entered with a shotgun and ordered him to return to the A & P Store, which he did.

Warren Reginald Dunston testified  that he was 16 years old and knew each of the defendants and also LeRoy Harris. He testified that the four of them planned the robbery the night before; that Wall and Harris were the two who went into the store, Wall with a pistol and Harris with a shotgun; Dunston was the driver of the automobile, and Walton remained in the automobile with him. Walton got out of the automobile with a shotgun and went to the cleaning establishment, and when he came out, he had a man and woman in front of him whom he directed back to the A & P Store. Walton then got back into the automobile and waited until Wall and Harris came out and they left. Dunston testified to all of the plans that had been made and where the parties went after the robbery and how they divided the money.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Eugene Hafer for defendant Wall, appellant.*

*Crisp, Twiggs & Wells by Howard F. Twiggs for defendant Walton, appellant.*

CAMPBELL, J.

The defendant Wall preserved and brought forward for review four questions.

1.  The refusal of the trial court to try each defendant separately.

2.  Error in the charge in defining the term "reasonable doubt."

3.  Error in the charge in failing to properly explain to the jury the consideration to be given to the testimony of an accomplice.

4.  Error in the charge with regard to the privilege of the defendants to remain off the witness stand and not testify.

The defendant Walton preserved and brought forward two questions:

1.  Error in the charge in defining the term "reasonable doubt."

2.  Error in the charge in failing to instruct the jury that the burden of proof throughout the trial is upon the State.

[1]    The two defendants were each charged with the armed robbery of the A & P Store on 15 February 1969. Walton presented as a defense an alibi. Wall presented no evidence but relied on the weakness of the State's case. These defenses are not inconsistent.

[1, 2]    The granting or refusing of the motion for a separate trial

was a matter which rested in the sound discretion of the trial judge. *State v. McCabe,* 1 N.C. App. 461, 162 S.E. 2d 66. In the instant case the defendant Wall fails to show any abuse of discretion by the trial judge or that he was in any way prejudiced by the consolidation of the cases.

[3]  We have reviewed the charge given by the trial judge to the jury, including those portions to which each of the defendants has directed an exception. While the charge as to "reasonable doubt" did not use the exact language which the defendants say the court should have used, and was not the most adept wording, nevertheless, the wording did not prejudice the defendants. Also, it is within the sound discretion of the trial judge, in the absence of a request to do so, to voluntarily refer to the rule of scrutiny of an accomplice's testimony. *State v. Bailey,* 254 N.C. 380, 119 S.E. 2d 165. There was no prejudicial error in the language used in this portion of the charge.

The remaining assignments of error are without merit. We are of the opinion that the charge, when read in its entirety, correctly presented the law to the jury, and that the trial judge applied the facts of the case to the law, and that the charge was fair and in no way prejudicial to the rights of either defendant. Each defendant had a fair and impartial trial, and the jury found the facts against them.

No error.

PARKER and GRAHAM, JJ., concur.