195 S.E.2d 1 (1973)
17 N.C. App. 569
STATE of North Carolina
v.
William Thurman WASHINGTON and Larry Oakley.
No. 7310SC139.
Court of Appeals of North Carolina.
March 14, 1973.
Atty. Gen., Robert Morgan, and Staff Atty., Donald A. Davis, Raleigh, for the State.
Clyde A. Douglass, II, Raleigh, for defendant appellant, Washington.
Garland L. Askew, Raleigh, for defendant appellant, Oakley.
HEDRICK, Judge.
Defendants assign as error the denial of their timely motions for judgments as of nonsuit.
The material evidence offered by the State tends to show the following:
On 24 May 1972, defendants and a companion entered the J. P. Hayes Jewelry Store at 507 Hillsborough Street, Raleigh. The jewelry store is small, approximately 5 *2 feet wide and 15 feet long. The customer area of the store encompasses only that area in front of the showcase and measures approximately 5 feet by 5 feet.
When defendants and their companion entered the store, Hayes was seated at a workbench behind the showcase. No other patrons were in the store. Defendant Oakley asked to be shown two or three rings which were in the showcase in front of Hayes. Hayes testified: "I showed him two or three rings. He did not like them and did not seem to be very interested." The rings were then replaced in the showcase and the sliding door covering the back of the showcase was closed but not locked. Defendant Washington then asked to be shown certain watches in the wall case of the store. Hayes testified:
"When I left Mr. Oakley remained in the vicinity of the showcase, near the end of it. When I left him, Mr. Oakley was approximately 2 feet from the tray of diamonds.
As I went toward the window, I turned and saw Oakley approach the showcase. I looked at him in the face and he stepped back. I then proceeded to show Mr. Washington the watches that were in the wall case in the window.
* * * * * *
My back was to Mr. Oakley only a short period of time when I showed Mr. Washington the first watch. I was trying to watch Mr. Oakley after I saw him approach the showcase."
Washington did not want any of the watches he had been shown; but before Hayes could return to his workbench behind the showcase, Washington, for the third time, asked to be shown a watch in the wall case of the store. Hayes stated:
"This time I had my back to Mr. Oakley for approximately 15 to 20 seconds. Immediately before turning my back I saw Mr. Oakley still near the end of the showcase.
During the time that my back was to Mr. Oakley, I talked with Mr. Washington about the watch I was showing him. The green dial of the watch matched a ring he was wearing perfectly. He never bought the watch but we agreed on a price. He said he would return as soon as he got his money from the car. He never said where his car was.
I did not turn around to look at Mr. Oakley again as Mr. Washington had attracted my attention so much I forgot to watch Mr. Oakley."
After defendants and their companion left the store for the alleged purpose of enabling Washington to procure money from his automobile with which to purchase the watch, Hayes, who had become suspicious, began looking through the directory for the telephone number of the police. Hayes testified:
"After I picked up the directory, I turned and saw the showcase door was open and the tray of rings missing."
"It was approximately 20 seconds after the men left that I noticed the tray of diamonds was missing."
No one other than the defendants, their companion, and Hayes were in the store during this period. Hayes promptly telephoned the police and reported the theft.
*3 In support of this assignment of error, defendants cite State v. Gaines, 260 N.C. 228, 132 S.E.2d 485 (1963). Suffice it to say, Gaines is clearly distinguishable.
We are of the opinion and so hold that when the foregoing evidence is considered in the light most favorable to the State, it is sufficient to raise an inference that defendant Oakley removed the tray of jewelry from the showcase while defendant Washington, by word and deed, deliberately distracted Hayes' attention. This assignment of error is overruled.
Defendants had a fair trial free from prejudicial error.
No error.
BROCK and VAUGHN, JJ., concur.