STATE OF NORTH CAROLINA v. JAMES LEE HARRIS
(ALIAS RED CAP)

No. 7322SC500

(Filed 25 July 1973)

**Larceny § 7— sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of larceny of money belonging to a store proprietor where it tended to show that a State's witness and defendant were looking for the opportunity "to pull a job," that they entered a store and the witness distracted the clerk therein while defendant went behind the counter and got the money bag, that defendant put the money in the witness's coat in their car, and that when officers stopped the car shortly thereafter $800.00 was found in the witness's coat lying on the floorboard of the car.

APPEAL by defendant from *Rousseau, Judge,* 8 January 1973 Session of Superior Court held in IREDELL County.

Defendant was convicted of the larceny of $800.00 belonging to C. B. Owens, doing business as Owens Grocery. Defendant was sentenced to imprisonment for not less than four nor more than seven years, the sentence to commence at the expiration of a sentence then being served.

*Attorney General Robert Morgan by George W. Boylan, Associate Attorney, for the State.*

*Porter, Conner & Winslow by Douglas L. Winslow for defendant appellant.*

VAUGHN, Judge.

The sole question presented is the sufficiency of the evidence to withstand defendant's motion for judgment as of nonsuit. In making this evaluation we are to consider the evidence in the light most favorable to the State, which is entitled to the benefit of every reasonable inference to be drawn from the evidence with all contradictions and discrepancies resolved in favor of the State. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755; *State v. Washington,* 17 N.C. App. 569, 195 S.E. 2d 1.

Viewed in light of this standard, the State's evidence tended to show the following. Samuel Lee Wilson testified that on 2 March 1971 he and defendant were awaiting the appropriate time and opportunity to present itself "to pull a job. . . ." They

stopped at Owens Grocery, went inside, purchased some sodas from Mrs. Owens and Wilson was then informed that this was to be a "pouch job." Wilson testified, "I took the lady to the corner and occupied her while Harris went and got the money bag. . . . When he came out from behind the counter, we just naturally turned the lady loose after I had purchased what I had and at this time she didn't seem to be disturbed or anything and we thought everything was cool and we split." Wilson said defendant put the money in Wilson's coat which was lying in the car and they never got a chance to count the money or to split it between them. They proceeded towards Charlotte in defendant's automobile but were stopped by the police about five or six miles "back from the Mecklenburg line." The officers found approximately $800.00 in Wilson's jacket taken out of the back of the floorboard of defendant's automobile. Wilson had pleaded guilty to the larceny which occurred at Mr. Owens' store prior to testifying in this case. Defendant offered no evidence.

Defendant argues that there is no evidence that he actually took the money and that was no evidence of ownership of the money. The evidence gives rise to a reasonable inference that defendant went behind the counter and took the money while his confederate distracted the person whose job it was to serve customers. In addition, a reasonable inference to be drawn from the evidence is that the money taken from behind the counter of C. B. Owens' Grocery was that of C. B. Owens and was in the custody of Mrs. Owens, the lady from whom Wilson made his purchase.

Giving the State the benefit of every reasonable inference to be drawn from the evidence, we hold that the evidence was sufficient to go to the jury on the question of defendant's guilt.

No error.

Judges BRITT and HEDRICK concur.