DAVIS, Judge.
Charles Jonathan McDougald ("Defendant") appeals from his conviction for robbery with a dangerous weapon. On appeal, he contends that the trial court erred in denying his motion to dismiss this charge. After careful review, we conclude that Defendant received a fair trial free from error.
Factual and Procedural Background
The State presented evidence at trial tending to establish the following facts: At approximately 1:00 a.m. on the morning of 27 April 2014, Defendant and his friend Greg Statum were standing in the parking lot of Florida Street Grocery in Greensboro, North Carolina when "David Allen" and "James Davis"[1] arrived. After Davis and Defendant greeted each other, Allen went inside the store to purchase a drink. When Allen walked out of the store, he was approached by Joshua Demastus, who appeared to be under the influence of alcohol or drugs. Demastus asked whether Allen wanted to purchase his cellphone and gave the device to Allen to examine.
After Demastus informed Allen of his asking price, Allen responded that Demastus "wasn't gonna get the phone back." Demastus then said, "I'm gonna get my phone back or else we gonna fight[,]" and Allen agreed to fight. Demastus took his jacket off in preparation for the fight. As Demastus attempted to punch Allen, Defendant shot Demastus in the chest with a .22 caliber revolver. When Demastus again attempted to take his phone back from Allen, Defendant struck him in the mouth with his gun, causing it to discharge. Allen then fled the scene and returned home. Defendant left the scene separately. Defendant and Allen saw each other the next day at a mutual friend's home but did not speak about the shooting.
On 23 June 2014, Defendant and Allen were indicted for assault with a deadly weapon with intent to kill inflicting serious injury, robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon.[2] A jury trial was held before the Honorable Richard S. Gottlieb in Guilford County Superior Court beginning on 3 June 2015. Prior to trial, the State voluntarily dismissed the charge against Defendant for conspiracy to commit robbery with a dangerous weapon and proceeded to trial on the remaining charges.
At the close of the State's evidence, Defendant moved to dismiss the charges against him based on insufficiency of the evidence, and the trial court denied that motion. After declining to put on evidence, Defendant renewed his motion for dismissal, which was again denied.
The jury found Defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury and robbery with a dangerous weapon. On 5 June 2015, the trial court sentenced him to 135 to 174 months imprisonment for the former offense and a concurrent sentence of 116 to 152 months imprisonment for the latter offense.[3] On 26 June 2015, defendant filed a written notice of appeal from these judgments.
Analysis
As an initial matter, we must determine whether we have jurisdiction over the present appeal. Appellate Rule 4, which governs appeals in criminal cases, states as follows:
Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by
(1) giving oral notice of appeal at trial, or
(2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order....
N.C. R. App. P. 4(a). Therefore, under Rule 4"the period for giving notice of appeal expires-and the trial court's jurisdiction over the case divests-14 days after entry of a written order." State v. Jordan , --- N.C. App. ----, ----, 776 S.E.2d 515, 518, disc. review denied , 368 N.C. 358, 778 S.E.2d 85 (2015). Additionally, this rule requires that a written notice of appeal "shall specify the party or parties taking the appeal [and] shall designate the judgment or order from which appeal is taken and the court to which appeal is taken[.]" N.C. R. App. P. 4(b).
On 26 June 2015, Defendant filed the following notice of appeal:
Dear your Honor:
I would like to ask you for a[n] appeal of my Conviction because I was found guilty by a jury for something that I had nothing to do with and the time that I got took my kids for a long time and if I don't stand for something I will fall for anything so I am truly sorry that I can't do what my lawyer asked of me but I love my kids to[o] much to just lay down for something that I didn't do so again I ask your honor for an appeal of my conviction.
Defendant's appellate counsel concedes that this notice did not comply with all of the requirements of Appellate Rule 4, including the fact that it did not name the court to which appeal was being taken.
However, Defendant has also filed a petition for writ of certiorari seeking review of his judgment. Pursuant to Appellate Rule 21, this Court may, in its discretion, grant a petition for writ of certiorari and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we elect to grant Defendant's petition for writ of certiorari and reach the merits of his appeal.
Defendant's sole argument on appeal is that the trial court erred by denying his motion to dismiss the charge of robbery with a dangerous weapon. "A trial court's denial of a defendant's motion to dismiss is reviewed de novo ." State v. Watkins , --- N.C. App. ----, ----, 785 S.E.2d 175, 177 (citation omitted), disc. review denied , --- N.C. ----, 792 S.E.2d 508 (2016). On appeal, this Court must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator[.]" State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000).
Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). Evidence must be viewed in the light most favorable to the State with every reasonable inference drawn in the State's favor. State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 132 L.Ed. 2d 818 (1995). "Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." Smith , 300 N.C. at 78, 265 S.E.2d at 169.
"The essential elements of robbery with a dangerous weapon are: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." State v. Haselden , 357 N.C. 1, 17, 577 S.E.2d 594, 605 (citation and quotation marks omitted), cert. denied , 540 U.S. 988, 157 L.Ed. 2d 382 (2003).
"It is not necessary that defendant himself committed any of the actions of armed robbery if he acted in concert with another person." State v. Mason , 222 N.C. App. 223, 229, 730 S.E.2d 795, 800 (2012). A defendant may be convicted under the theory of acting in concert if "the defendant is present at the scene of the crime and acts together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." State v. Hardison , --- N.C. App. ----, ----, 779 S.E.2d 505, 507 (2015) (citation and quotation marks omitted), disc. review denied , 368 N.C. 685, 781 S.E.2d 609 (2016).
In this case, the evidence shows that Allen-not Defendant-took Demastus' phone and kept it unlawfully. Thus, Defendant could only have been convicted upon the theory of acting in concert. Defendant's sole contention on appeal is that the State provided insufficient evidence to sustain a conviction based upon an acting in concert theory. In support of this argument, Defendant cites State v. Gaines , 260 N.C. 228, 132 S.E.2d 485 (1963). In that case, three men walked into a jewelry store together and, after one of them stole a box of diamonds, left together. Id. at 229-30, 132 S.E.2d at 486. All three were convicted of larceny. However, our Supreme Court reversed two of the defendants' convictions because the State introduced no evidence that they had actually assisted in the commission of the larceny other than being present while the third defendant took the diamonds. Id . at 231-32, 132 S.E.2d at 487-88.
The present case is clearly distinguishable. Here, the evidence at trial-taken in the light most favorable to the State-showed that after Allen refused to return Demastus' cellphone and Demastus tried to forcibly retrieve it, Defendant shot Demastus in the chest. Then, when Demastus tried again to reclaim his phone, Defendant struck him in the face with his pistol, allowing Allen to leave the scene with the phone. Thus, unlike the two defendants in Gaines , Defendant here was integral to the crime as he actively assisted Allen in completing the armed robbery by shooting and striking Demastus.
We are also unpersuaded by Defendant's contention that the State failed to offer sufficient evidence from which the jury could find that Defendant and Allen acted with a "common plan or purpose" to commit the armed robbery. Defendant shot Demastus as he attempted to retrieve his cell phone from Allen. A jury could infer from these facts that the two acted with the common purpose of committing the armed robbery.
Because we are satisfied that the State's evidence was adequate to submit the robbery with a dangerous weapon charge to the jury under an acting in concert theory, the trial court properly denied Defendant's motion to dismiss that charge.
Conclusion
For the reasons stated above, we conclude that Defendant received a fair trial free from error.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and ZACHARY concur.

Because these individuals were minors at the time of the offense, we refer to them by pseudonyms.

Allen later entered into a plea arrangement with the State and agreed to testify against Defendant.

The judgments were file-stamped on 16 June 2015.